William NANCE, Appellant,

v.

STATE of Missouri, Respondent.

No. 37798.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 6, 1977.

**194**

Donald L. Schmidt, Ferguson, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

WEIER, Judge.

On May 3, 1972, the movant, William Nance, was convicted by a jury of assault with intent to kill with malice aforethought. Based on evidence presented by the State that an Eddie James Nance had previously pled guilty to a charge of first degree robbery and that the fingerprints of the man arrested for that charge and calling himself Eddie James Nance were identical to those of William Nance, the trial court found that the appellant had been convicted in 1965 of first degree robbery and so sentenced him under the Second Offender Act to 40 years imprisonment for the assault conviction. That conviction was appealed to this court on the grounds of prejudicial instructions and was affirmed in *State v. Nance*, 508 S.W.2d 517 (Mo.App. 1974).

Movant now seeks relief by a post-conviction Rule 27.26 motion wherein he alleged his sentence should be vacated because he did not have a prior conviction for first degree robbery and so should not have been sentenced under the Habitual Criminal Act. The motion alleged that that conviction was actually that of movant's brother, Eddie James Nance. The motion also alleged that the movant was denied his right to effective assistance of counsel at his trial on the assault charge because, contrary to movant's request, his attorney did not file a motion for psychiatric examination on his behalf.

On September 4, 1975, an evidentiary hearing was held on movant's Rule 27.26 motion and evidence was presented on the issues. On November 21, 1975, the trial court overruled the motion, finding that movant failed to prove that he was not the person convicted of robbery in 1965 and that he also failed to prove that his counsel should have filed a motion for psychiatric examination. This appeal was duly taken from that judgment.

■ The movant claims error in the trial court's judgment on each of the issues tried at the evidentiary hearing. There cannot be any error as regards the prior conviction issue, however, because Rule 27.26 does not afford a review of trial errors such as the one of which movant complains. This ground, the insufficiency of the evidence to support his conviction under the Second Offender Act, is such a ground which if he had any basis to pursue should have been raised in his appeal from his conviction. *State v. Wiggins*, 360 S.W.2d 716, 718[2] (Mo.1962). *See also, Elbert v. State*, 462 S.W.2d 685 (Mo.1971).

■ As for the issue of ineffective assistance of counsel, this was properly preserved for appeal. Upon review of the trial

court's finding on a Rule 27.26 motion, we are limited to determining whether that finding is clearly erroneous. Rule 27.26(j); *Coleman v. State*, 542 S.W.2d 53, 54[2] (Mo. App.1976). We must give due regard to the trial court's opportunity to judge the credibility of witnesses at the Rule 27.26 evidentiary hearing. *Bennett v. State*, 549 S.W.2d 585, 586[2] (Mo.App.1977). Also, the burden is on the appellant to prove by a preponderance of the evidence that he is entitled to Rule 27.26 relief. *Malson v. State*, 539 S.W.2d 454, 455[1] (Mo.App.1975). This burden is especially heavy if the ground for relief is ineffective assistance of counsel. *Pickens v. State*, 549 S.W.2d 910, 912[2] (Mo.App.1977).

We have determined, after examining the transcript of the evidentiary hearing, which includes by stipulation the transcript of the movant's trial for assault with intent to kill, that the trial court was not clearly erroneous in finding that the movant failed to carry his burden of showing that his counsel was ineffective for not filing a motion for a psychiatric examination. The movant did not show that he was prejudiced by his counsel's failure to file that motion because he failed to show that there was any reason for his counsel to ask for a psychiatric examination. Counsel may not be found ineffective for failing to ask for a psychiatric examination unless there is some reason he should have asked for one. This is equally true in a situation in which it is claimed failure to move for a psychiatric examination deprived a defendant of an insanity defense as in a situation in which it is claimed such a failure may have resulted in the trial of a defendant incompetent to stand trial.[1] *Campbell v. State*, 532 S.W.2d 844, 848[7] (Mo.App. 1975); *Parks v. State*, 518 S.W.2d 181, 185[4, 5] (Mo.App.1974).

The only evidence brought forth by the movant on his mental state was that he had been drinking just prior to the incident during which he committed the assault. He

had never been under psychiatric treatment, nor could he point to any other signs, symptoms, or indications of bad mental health. There are no indications in the transcript of movant's trial (where he testified) that he had anything but a normal, rational, and intelligent understanding of the proceedings. At best, at the motion hearing he has proved he was intoxicated when he committed the assault. He has not shown there was any reason for his counsel to suspect he was even suffering from alcoholism, let alone alcoholism with psychosis as required by the insanity defense and incompetency statutes. *See* §§ 552.010–.030 RSMo 1969. Nor did he show that his counsel actually did suspect his incompetency or insanity as was shown in *Miller v. State*, 498 S.W.2d 79, 85–88[14–18] (Mo.App.1973). There is no more reason to find movant's counsel ineffective here than in the similar case of *McCarthy v. State*, 502 S.W.2d 397, 405[15] (Mo.App.1973).

The judgment is affirmed.

KELLY, P. J., and GUNN, J., concur.

---

1. It appears movant is contending his counsel failed to advance his cause in each instance. For that reason, we will address this issue both

from the standpoint of incompetence to stand trial and from that of the insanity defense.