Herman Eugene WING,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10556.

Missouri Court of Appeals,
Springfield District.

Sept. 16, 1977.

Robert P. Baker, Sarcoxie, for movant-appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Herman Eugene Wing, serving a sentence for possession of burglary tools from Newton County, was denied Rule 27.26 relief and filed this appeal. We affirm.

Wing was convicted in 1969. On direct appeal the legality of a search and seizure of the burglary tools was raised and ruled adversely to Wing. *State v. Wing,* 455 S.W.2d 457 (Mo.1970), cert. denied, 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971).

Prior to the state conviction, Wing was charged with attempted bank burglary in the United States District Court for the Western District of Missouri. Trial by jury resulted in Wing's conviction on the federal charge but the district judge entered a judgment of acquittal because he concluded the burglary tools used in evidence in that case had resulted from an unlawful search and seizure.

Prosecution of Wing by Missouri authorities followed the federal proceedings. Wing's suppression motion of the burglary tools was overruled, and as mentioned earlier, the supreme court affirmed.

While Wing's appeal of the Newton County judgment was pending, he was convicted in Oklahoma of several counts of armed robbery. During his incarceration in Oklahoma he filed a Rule 27.26 motion directed at the Newton County sentence and judgment. The trial court denied the motion and we affirmed, holding that since Wing was not in custody under the Missouri sentence he could not then maintain post-conviction proceedings attacking the sentence. *Wing v. State,* 524 S.W.2d 443 (Mo. App.1975).

Since our previous decision, Wing was paroled by Oklahoma authorities and began his Missouri sentence. This motion followed his imprisonment in Missouri.

Wing contends that because the federal district court ruled the burglary tools were seized as the result of an illegal search, this foreclosed the matter once and for all and precluded the Missouri courts from arriving at a different result in the state's prosecution of him for possession of burglary tools. He avers the doctrine of collateral estoppel as enunciated in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1187, 25 L.Ed.2d 469 (1970), is applicable and Missouri was estopped to contend the burglary tools were legally seized by reason of the district court's determination in the federal case.

The trial court denied Wing's motion and he lodged this appeal. Three reasons call for affirmance of the trial court's judgment.

 1) A claimed illegal search is not cognizable in a Rule 27.26 proceeding. *Beach v. State,* 488 S.W.2d 652 (Mo.1972); *Ervin v. State,* 525 S.W.2d 381 (Mo.App. 1975).

2) Where a particular issue is raised and determined on direct appeal, the defendant cannot obtain a second review in a Rule 27.26 proceeding. *Sweazea v. State,* 515 S.W.2d 499 (Mo. banc 1974). The constitutionality of the search and seizure of the burglary tools was ruled by our supreme court. A shifting of emphasis or dressing up the issue as a different theory does not entitle one to a second review. *Sweazea v. State,* supra, 515 S.W.2d at 501.

3) The principle of *Ashe v. Swenson* is not applicable. *Ashe* held that when an *issue of ultimate fact* had once been determined by a valid and final judgment, that issue could not again be litigated by the *same parties* in any future case.

The judgment is affirmed.

All concur.