**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Peter FOWLER, Defendant-Appellant.**

**No. 38491.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 18, 1977.

---

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Appellant appeals from a judgment entered upon a jury verdict in the circuit court of the City of St. Louis finding appellant Peter Fowler guilty of robbery in the first degree by means of a dangerous and deadly weapon and a sentence of ten years' imprisonment. For the reasons discussed below, we affirm the judgment.

On December 2, 1975, at approximately 10:00 a. m., a masked gunman, later identified as a man named Stinson, held up a liquor store in the City of St. Louis. Store employees identified appellant as being present in the store for fifteen minutes before the robbery. There was further testimony that appellant entered the store while the robbery was in progress and looked out the front door until the gunman fled. Appellant opened the front door for the gunman and then left about ten seconds later.

The manager of the liquor store testified that approximately $185.00, mostly in five dollar bills, had been taken by the gunman.

Shortly after the robbery the police discovered appellant and Stinson lying on the floor of appellant's car, which was parked across the street from the liquor store. Appellant was lying on the front floorboards, Stinson, the backseat. The police seized $85.00 in five dollar bills from appellant's right front pants pocket, two masks cut from nylon panty hose from the backseat, and $90.00, mostly in five dollar bills, from the frontseat and floorboard where appellant had been lying.

Appellant stated that he knew Stinson and drove him to the liquor store, but did not know of Stinson's intention to commit a robbery. Appellant further stated that he entered the liquor store only to inform Stinson that the car had been struck by a passing car and he was going to a service station up the street. Appellant testified that he was surprised to see Stinson with a gun and wearing a mask and panicked and rushed after Stinson when he fled from the store. Appellant explained that the $85.00 found in his pants pocket by police was a Christmas present from his grandmother, Susy Jones. Appellant testified he had been given 3 twenty dollar bills, 2 ten dollar bills and 1 five dollar bill. Appellant's grandmother, however, testified that she had given appellant $75.00 to buy a coat, in 3 twenty dollar bills, 1 ten dollar bill and 1 five dollar bill.

For reversal, appellant argues that the trial court erred in overruling the defense motion for acquittal at the close of all the evidence because the evidence showed only

appellant's presence at the scene. Appellant urges that this showing was insufficient to support an inference that appellant participated in the commission of the robbery. We disagree.

In reviewing the sufficiency of the evidence the court will consider as true evidence favorable to the state and the favorable inferences to be drawn therefrom and reject evidence to the contrary. *State v. Cain*, 507 S.W.2d 437, 438 (Mo.App.1974). It is not the function of the appellate court to substitute its judgment for that of the jury; if there is substantial evidence to support the jury finding, it should not be disturbed on appeal. *State v. Gamache*, 519 S.W.2d 34, 39 (Mo.App.1975).

Appellant first contends that the evidence, even when viewed in the light most favorable to the state, fails to show appellant obviously participated in the robbery. It is widely accepted that evidence that an accused had an opportunity to commit an offense merely raises a suspicion of guilt and is insufficient to sustain a conviction; however, any evidence showing any form of affirmative participation is sufficient. *Id.* at 40. Proof of conduct before, during and after the offense are circumstances from which participation in the offense may be inferred. Evidence sufficient to justify a jury finding that appellant did in any way aid, abet or encourage another in the commission of an offense is sufficient to support a conviction. *Id.* at 39–40.

The evidence shows that appellant drove the robber Stinson to the liquor store, entered the liquor store about fifteen minutes before the robbery and again entered the liquor store while the robbery was in progress. Appellant was seen standing by the door, looking outside, and opening the door for the gunman as he left. Appellant left the store about ten seconds later. Shortly after the robbery the police discovered appellant and the gunman lying on the floor of appellant's car, parked across the street from the liquor store. About $85.00 in five dollar bills was found in appellant's pants pocket. Ninety dollars, also largely

in five dollar bills, was recovered from the front seat and floor of appellant's car.

This evidence was sufficient to show that appellant actively participated in the robbery. In *Gamache*, the evidence established that appellant owned the getaway car driven by a gunman later identified to have held up a store. Appellant was a passenger in the car when it was stopped by the police. Appellant was not identified as present in the store prior to or during the robbery and he did not have any of the money from the robbery on his person. Appellant was not found in a "hiding" position when the car was stopped by police. The court in *Gamache* held that the evidence supported a finding that appellant actively participated in the commission of the crime. *Id.* at 40. In the present case, the state has presented substantially more evidence than *Gamache*.

Appellant also argues that the state's case rests entirely on circumstantial evidence and that the state has failed to meet the circumstantial evidence test. To warrant a conviction based on circumstantial evidence the facts and circumstances must be consistent with each other, consistent with the hypothesis of guilt, inconsistent with innocence, and point clearly to guilt so as to exclude very reasonable hypothesis of innocence. *Id.* at 40. Specifically appellant contends that the facts and circumstances are not consistent with the state's theory of guilt and do not exclude every reasonable hypothesis of innocence. Appellant, however, offers no explanation or reason why the facts and circumstances are inconsistent with guilt except for his contention that the evidence was insufficient to show appellant's active participation. In view of our discussion of the sufficiency of the evidence, we do not find the facts and circumstances inconsistent with guilt.

Appellant contends that the state has not excluded every reasonable hypothesis of innocence because he did not possess the intent to "knowingly and with common purpose together with others" participate in the offense for which he was convicted.

Circumstantial evidence, however, does not have to be absolutely conclusive of guilt or demonstrate the impossibility of innocence. *State v. Maxie*, 513 S.W.2d 338, 343 (Mo. 1974). In *Maxie*, the only evidence tying defendant to the victim's apartment was his thumbprint on a box top found in the apartment. Although there was no evidence or proof of ownership of the box top and the box top was easily transportable, the court upheld defendant's conviction. *Id.* at 343.

■ Appellant offers surprise as a reasonable hypothesis of innocence and denies any intentional participation in the robbery. Appellant's testimony, however, was repeatedly contradicted by that of the liquor store employees and the police. The jury was free to believe all or none of the testimony of any witnesses or to accept it in part or reject it in part when considered in relation to other testimony and the facts and circumstances of the case. *State v. Lane*, 376 S.W.2d 128, 132 (Mo.1964).

In the present case we do not believe appellant has presented a reasonable hypothesis of innocence; and accordingly the judgment is affirmed.

STEWART and REINHARD, JJ., concur.