**John Dale HENSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11004.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 23, 1979.

Rehearing Denied May 10, 1979.

W. Robert Cope, Summers, Cope & Walsh, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

John Dale Henson, serving a 35-year prison term for second-degree murder, filed a postconviction motion under Rule 27.26, V.A.M.R., to vacate his sentence. Following appointment of counsel, an evidentiary hearing was conducted. The trial court made detailed findings of fact and conclusions of law and denied the motion. We affirm.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Warren v. State*, 482 S.W.2d 497 (Mo. banc 1972); *Noble v. State*, 552 S.W.2d 267 (Mo.App.1977). And, we accord due deference to the trial court's

opportunity to judge the credibility of witnesses at the evidentiary hearing. *Nance v. State*, 556 S.W.2d 193 (Mo.App.1977).

Movant's direct appeal resulted in the affirmance of his conviction by this court in *State v. Henson*, 552 S.W.2d 378 (Mo.App.1977). Various grounds alleged in his motion to vacate were considered in ruling his direct appeal and cannot now be relitigated in this proceeding. *Davis v. State*, 482 S.W.2d 468 (Mo.1972); *Wing v. State*, 556 S.W.2d 226 (Mo.App.1977). Other grounds for relief claimed by movant fall into the category of alleged trial error not rising to constitutional proportions and cannot be considered. *Coney v. State*, 491 S.W.2d 501 (Mo.1973).

The primary ground alleged by movant is the oft-asserted charge levelled against trial attorneys, namely, ineffective assistance of counsel. The thrust of the evidentiary hearing revolved around this charge. The trial judge, in his filed memorandum, carefully and laboriously made findings and conclusions adverse to movant's multitude of averments on this issue. The court had before it the trial transcript, in addition to the testimony of the witnesses called by each side. The court concluded movant failed to meet his heavy burden of proof that he was denied effective assistance of counsel. *Stevens v. State*, 560 S.W.2d 599 (Mo.App.1978).

We have reviewed the transcript of the evidentiary hearing which includes the trial transcript. We do not find the findings and conclusions of the able trial court to be clearly erroneous.

The judgment is affirmed.

FLANIGAN, C. J., and MAUS and GREENE, JJ., concur.