Peter FOWLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 41102.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, James Cumbee, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Maureen Dickmann, St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from an order of the Circuit Court denying his Rule 27.26 Motion to Vacate Judgment and Sentence.

In 1976 movant was tried and convicted by a jury of robbery first degree; the jury assessed punishment at ten years in the Department of Corrections. We affirmed that conviction on appeal. *State v. Fowler*, 558 S.W.2d 366 (Mo.App.1977).

On July 7, 1978, movant filed a Rule 27.26 motion. He alleges numerous grounds why both his trial counsel and his attorney on appeal were ineffective. He also pleads bias by the trial court and a conspiracy against him involving the circuit judge and his attorneys. After conducting an evidentiary hearing, the trial court denied his motion, finding that the attorneys "adequately and competently represented the movant." The court made no findings pertaining to the charges of bias and conspiracy.

On appeal, movant urges that the findings of fact and conclusions of law did not address all the issues raised by the motion, and that they were not supported by the evidence.

The findings of fact and conclusions of law in this case were filed nine days after our Supreme Court ruled in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). In *Fields* the Supreme Court again examined the issue of the need for findings of fact and conclusions of law in Rule 27.26 motions. The court decided that in order to insure finality under the provisions of Rule 27.-26(d) and to avoid multiple motions by the same movant advancing the same grounds of collateral attack, specific findings of fact and conclusions of law were required.

In the instant case, we believe that the findings of fact and conclusions of law are insufficient to comply with the

mandate of *Fields*.[1] The court found that the attorneys " 'adequately and competently represented the movant.' " We therefore reverse the order of the circuit court and remand for more specific findings of fact and conclusions of law on the allegations concerning effective assistance of counsel.[2]

Having decided that the trial court's findings of fact and conclusions of law do not satisfy the rule promulgated in *Fields,* we do not reach movant's second point that the findings of fact and conclusions of law are not supported by the evidence.

Reversed and remanded for more specific findings of fact and conclusions of law.

GUNN and CRIST, JJ., concur.

---

1. Even before *Fields,* a similar finding that "movant did have effective assistance of counsel at the time said plea was entered" was held to be insufficient in *Porter v. State,* 504 S.W.2d 30, 33 (Mo.1974).

2. No error was committed by the trial court in not making findings concerning the allegations of bias and conspiracy. The movant's testimony was the only evidence on these issues and he stated no facts relating to these assertions. This amounted to no substantive evidence to support these charges; therefore the court was not required to make findings of fact. *Haynes v. State,* 561 S.W.2d 450, 451 (Mo.App.1978).