Kenneth H. CARNS, Movant,

v.

STATE of Missouri, Respondent.

No. 11260.

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1980.

J. D. Baker, Belisle & Baker, Osceola, for movant.

John Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This is a proceeding for postconviction relief pursuant to Rule 27.26, V.A.M.R. On April 22, 1975, a jury found movant Kenneth H. Carns guilty of murder in the second degree as defined and denounced by § 565.004, RSMo 1978, V.A.M.S., formerly codified as § 559.020, RSMo 1969, V.A.M.S. Movant's punishment was fixed at imprisonment for a term of 30 years, as authorized by former § 559.030, RSMo 1969, V.A.M.S. No motion for new trial was filed; no appeal was taken, and as far as the record shows, no transcript of the proceeding was prepared.

This proceeding was commenced by the filing of a pro se motion on April 5, 1976. On January 6, 1978, the pro se motion was summarily denied. Shortly thereafter, movant attempted to appeal, but counsel was appointed, and appointed counsel moved to set aside the summary denial of movant's original motion. Amendment was permitted, the motion was amended a second time on November 13, 1978, and an evidentiary hearing was held on December 22, 1978.

The movant and his sister appeared as witnesses. Evidence was received on a number of points. One of the points raised was ineffective assistance of counsel; this claim was based on a conversation movant testified he had with his attorneys "[s]even days after [his] trial." Movant testified his employed attorneys had come " . . . down to the jail and told me they could get me another trial for $3,000.00." Movant replied he had no more money, and if he was granted a new trial he would be required to depend on a "public defender." Movant's attorneys advised against seeking a new trial because "[movant] might get 99 years if [he] went to another trial." The movant also testified that upon the day of sentencing, the special judge who presided over his trial offered to grant a new trial, grant a change of venue and appoint different counsel for the new trial. Postconviction relief was denied.

**158**

On appeal, the movant has briefed and argued several points; the State has answered those points as presented. Nevertheless, we cannot decide the appeal on its merits. This motion for postconviction relief was amended after November 6, 1978, and was tried in December 1978. In *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978), our Supreme Court reassessed Rule 27.26, and held that from and after the date of that decision, 572 S.W.2d at 483:

"In ruling on the motion, whether with or without an evidentiary hearing, the court shall follow rule 27.26(i) and make findings of fact and conclusions of law on all issues presented. Only if that is done can the appellate court make the kind of review contemplated by rule 27.26(j). . . . *Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required.*" (our emphasis)

Here, the trial court indicated some of the grounds for his decision orally, but did not reduce his findings to writing, although the record is adequate for that purpose. Perhaps Rule 27.26 has always contemplated specific findings; if there was any doubt, it has been set at rest by the decision in *Fields*.

As the movant has had the assistance of counsel in preparing his motion and presenting his evidence, and has been afforded a fair and reasonable hearing, the cause need not be reversed. The submission is set aside and the cause is remanded for findings of fact and conclusions of law. Such findings may be supplied to the clerk of this court by the trial court. The appeal will then be reinstated. It is so ordered.

BILLINGS, P. J., and MAUS, J., concur.