Ronald **JOHNSON**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

Nos. 42648, 42745.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Leonard W. Buckley, Jr., St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant Ronald Johnson appeals from a judgment denying his Rule 27.26 motion. He contends that the trial court's finding that he was not denied effective assistance of counsel was based upon improper assumptions and that the court failed to address all of the issues in his motion. Both points are ruled against movant and the judgment is affirmed.

Movant was convicted on two counts of First Degree Robbery by Means of a Dan-

gerous and Deadly Weapon. §§ 560.120 and 560.135, RSMo 1969. He was sentenced November 14, 1975 to two twenty-five (25) year terms to be served concurrently. The convictions were affirmed. *State v. Johnson*, 541 S.W.2d 731 (Mo.App.1976).

Movant's Rule 27.26 motion, filed *pro se* August 11, 1977, alleged that the trial counsel was ineffective for failing to properly investigate the case, interview witnesses and have identification testimony suppressed. Counsel appointed January 2, 1979 amended the motion to allege that the trial counsel forced movant to testify against his will at trial. Movant's motion was further amended to add allegations that trial counsel failed to remove a juror who was unfairly prejudiced against movant (a security guard) and failed to move for dismissal of the indictment on the grounds that: (1) movant had not been given a speedy trial and, (2) movant was being subjected to double jeopardy by being charged with two counts of robbery.

Following a hearing on February 13, 1980 the motion was denied. The motion judge made specific findings: (A) that the trial attorney conducted a thorough investigation into the charges and decided which witnesses to call at trial as a matter of trial strategy; (B) that counsel was instrumental in having Count I of the indictment dismissed and that counsel filed a motion to suppress identification (the motion was overruled); (C) that a motion to dismiss for failure to provide a speedy trial would have been frivolous since, as counsel knew, most continuances were for the defendant; and (D) that counsel was exercising his professional judgment when he left a black security officer on the jury. The motion judge specifically found that movant presented no credible evidence in support of his allegations of ineffective assistance.[1] In his conclusions of law, the motion judge indicated

---

1. "[T]he Court paid particular attention to the demeanor and responses of the appellant during his testimony. After so doing, the Court finds that no value or weight should be accorded the movant's testimony. The movant was uncertain in his responses and of such demean-

or as to provide an air of unbelievability and lack of credibility regarding them. Thus it is a finding of the Court that there has been no believable or credible evidence in support of movant's allegations."

that the actions of counsel questioned by movant were matters of trial strategy and that movant was not denied effective assistance of counsel.

■ When reviewing rulings on motions for post-conviction relief, appellate courts are limited to the determination whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). *Warren v. State*, 482 S.W.2d 497, 499[1] (Mo. banc 1972); *Nance v. State*, 556 S.W.2d 193, 194–195[2, 3] (Mo. App.1977). Credibility of witnesses, including movant, is an issue for the trial court and the trial court may reject testimony even though no contrary evidence is offered. *Shoemake v. State*, 462 S.W.2d 772, 775[1–4] (Mo. banc 1971); *Lee v. State*, 526 S.W.2d 329, 332[3] (Mo.App.1975).

In his first point relied on, movant attacks the propriety of the "assumptions" upon which the finding of effective assistance was based. He argues that the judge should not have speculated that trial counsel left the security guard on the jury because the security guard was black, since there was no evidence in the record of the juror's race. Movant further contends that the judge could not properly find that counsel's decisions were made in the exercise of professional judgment on matters of trial strategy when counsel did not testify.

■ The motion judge's assumption that the juror in question was black was admittedly based on upon the juror's address. Assuming, without deciding, that this assumption was improper, the judge had other evidence of trial counsel's deliberate decision to leave that juror on the panel. The judge examined (without objection) the file of the public defender who defended movant at trial and found an "OK" beside the name of that juror. The finding that counsel chose that juror in the exercise of his independent professional judgment is not clearly erroneous, particularly where movant presented no evidence to the contrary.

■ It was not necessary for the public defender to testify in this case. His file was admitted into evidence and no credible evidence was offered to refute the conclusion of the judge after examination of the file that this choice was dictated by trial strategy.

■ Movant next attacks the court's finding that trial counsel conducted a thorough investigation into the charges against movant, because it is based in part on the assumption that counsel's investigation produced a witness. Movant argues that no evidence in the record shows that a witness was produced by counsel's investigation. Movant testified that it was his counsel's idea to have this witness testify and that he did not provide counsel with the name of this witness. The trial judge's conclusion that counsel conducted a thorough examination, based upon this testimony and his review of the public defender's file, is not clearly erroneous.

■ Movant also challenges the finding that counsel's failure to call witnesses suggested by movant was a matter of trial strategy. The record indicates that counsel declined to put one witness suggested by movant on the stand because the witness had alcohol on his breath. Movant's defense was alibi. Movant did not testify that the other witnesses whose names he gave to his attorney would have provided an alibi or other evidence helpful to his case. Indeed he testified that he was uncertain where he was or who he was with at the time the offense was committed. Movant has not shown how the absence of these witnesses could have had a prejudicial effect on his alibi defense. *Seales v. State*, 580 S.W.2d 733, 735–736[3] (Mo. banc 1979).

■ Movant challenges the findings of the motion judge contending that they are based on speculation and improper inferences from the public defender's file. Movant has not shown these inferences to be erroneous or provided any evidence that trial counsel's decision not to strike the security guard was not made in the reasonable exercise of his professional judgment. He has produced no evidence that counsel did not conduct an independent investigation and represent him effectively. Allegations are

not self-proving. *Ward v. State*, 451 S.W.2d 79, 81[1–3] (Mo.1970); *Dennis v. State*, 559 S.W.2d 84, 86[5, 6] (Mo.App.1977). In the absence of evidence to support movant's allegations of ineffective assistance the motion judge ruled properly that movant failed to show that his trial counsel's performance fell below the standard adopted in *Seales v. State*, or that prejudice resulted. *Seales v. State, supra.* There is no clear error. The point is ruled against movant.

In his second point, movant contends that the judge failed to make specific findings of fact on three issues asserted in his motion. Since *Fields v. State*, 572 S.W.2d 477, 483[2, 3] (Mo. banc 1978), the requirement in Rule 27.26(i) of specific findings of fact and conclusions of law has been strictly enforced. *See e. g., Brauch v. State*, 611 S.W.2d 406 (Mo.App.1981); *Carns v. State*, 598 S.W.2d 157 (Mo.App.1980); *Fowler v. State*, 588 S.W.2d 249 (Mo.App. 1979). However, the failure to make findings of fact on issues not presented at the hearing is not error. *Fowler, supra* at 250[1, 2] n. 2. *Haynes v. State*, 561 S.W.2d 450, 451[2] (Mo.App.1978). Movant presented only his own testimony and it made no reference to the claims in his motion that counsel failed to advise him of the elements of the crime, forced him to testify, or failed to move for dismissal because movant was twice placed in jeopardy for the same offense. Thus there was no substantive evidence to support these allegations. Additionally, two of these matters involved trial errors not cognizable in a 27.26 proceeding. *Cheek v. State*, 459 S.W.2d 278, 281[2] (Mo. 1970); *Davis v. State*, 600 S.W.2d 613, 614[2] (Mo.App.1980); *Haynes, supra.* And, though he did not refer to each of these three allegations individually, the motion judge found that "there has been no believable or credible evidence in support of movant's allegations." The point is ruled against appellant.

The findings and conclusions of the trial court are not clearly erroneous. Rule 27.-26(j). The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.