**STATE of Missouri, Respondent,**

v.

**Robert MOTT, Appellant.**

**No. WD 32337.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 9, 1982.

Thomas H. Hearne, Sp. Asst. Public Defender, Jefferson City, for appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Defendant Robert Mott appeals his conviction of the offense of burglary in the second degree, § 560.045–§ 560.095, R.S. Mo.1969, and stealing property over fifty dollars, § 560.156, R.S.Mo.1969. He was sentenced to a term of seven years for each offense. We reverse defendant's conviction.

In the early morning hours of an October day in 1977, thirty men's suits of a wholesale value of $2,198.50 were stolen in a burglary of a Jefferson City department store. In the afternoon of that same day defendant Mott, Sandy White and George Webber appeared with the suits at 2717 Truman Road in Kansas City, a location they believed to house a fencing operation. Defendant and his companions negotiated a sale of the suits to special agent John Keating of the Bureau of Alcohol, Tobacco and Firearms, United States Treasury Department, who was the "counterman" at that location, in reality a "sting" operation conducted by federal agents and state officers.

Defendant, White and Webber sold the thirty suits to the "sting" operation for a total of $1,050. During the negotiation they told the agent that the merchandise was from "Jeff town".

At trial, Mott testified that Webber, White and Ronny Williams, who now is dead, brought the suits in Williams' car to Mott's Kansas City home on October 14. To repay an indebtedness to Mott, Ronny Williams gave his share of the stolen suits to defendant. Mott also testified that he was to get one-third of the proceeds for negotiating the sale to the fencing operation with which he had "had dealings" before. Webber, serving a prison term for burglary, testified that Mott did not participate in the burglary or stealing. He claimed that he, White and Williams committed the theft and that they had contacted and paid Mott to negotiate the sale

because of his familiarity with the "fencing" operation. Defendant's motions for a directed verdict at the close of the state's case and at the close of all the evidence were overruled.

On appeal Mott contends that the trial court erred in overruling his motions for acquittal and that the verdict was against the weight of the evidence for two reasons: (1) the state failed to make a submissible case or to produce evidence to show that Mott knowingly aided or encouraged others in the commission of the crime, and (2) the facts and circumstances proved were not consistent with the guilt of the defendant.

■ This review is governed by the rule that in determining whether a submissible case has been made, the court of appeals will view the evidence and all its reasonable inferences in the light most favorable to the state. *State v. Aubrey*, 610 S.W.2d 78 (Mo.App.1980), and *State v. McCall*, 602 S.W.2d 702 (Mo.App.1980). Nevertheless, when the state's case rests on circumstantial evidence, a somewhat higher standard as to the burden of proof is required. "The evidence need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence, ... but it is the state's burden to forge each link in the chain of proof, and not the duty of the defendant to break the chain of circumstantial evidence in order to be entitled to an acquittal." *State v. Dudley*, 617 S.W.2d 637 (Mo.App.1981).

■ The general rule regarding the exclusive and unexplained possession of property recently stolen in the course of a burglary is that such evidence is sufficient to sustain a finding that the possessor participated in the theft. *State v. Webb*, 382 S.W.2d 601, 604 (Mo.1964). Mott's possession of the suits was "unexplained in the minds of the jurors", for they rejected his explanation and that of his witness. *Id.* Less than thirteen hours elapsed between the discovery of the theft and evidence of Mott's possession of the stolen property.

■ The evidence shows, however, that Mott's possession was at no point exclusive. So far as the record reveals Mott was al-

ways in joint possession of the stolen goods. As this court noted in *State v. Roberts*, 579 S.W.2d 685, 688 (Mo.App.1979), joint possession of stolen property requires evidence of participation in the crime:

> The inference of guilt to which unexplained *joint* possession gives rise, however, is one of fact and not of law and *alone* does not suffice to submit the guilt of the accused. *State v. Cobb*, 444 S.W.2d 408, 414[6] (Mo. banc 1969). Rather, something more than unexplained joint possession of recently stolen goods—some *affirmative participation* in the criminal venture—must be shown to convict for the burglary or theft. *State v. Arnold*, 566 S.W.2d 185, 186[1–3] (Mo. banc 1978); *State v. Farmer*, 490 S.W.2d 72, 74[1] (Mo.1973).

The state presented neither evidence that Mott was ever in exclusive possession of the property nor evidence of his affirmative participation in the burglary or stealing. Mott's conviction, therefore, must be reversed.

We remand the case to the trial court with directions to enter a judgment of acquittal and to discharge the defendant. *State v. Basham*, 568 S.W.2d 518, 521 (Mo. 1980) (en banc).

All concur.