STATE of Missouri,
Plaintiff-Respondent,

v.

Walter Howard WELLS,
Defendant-Appellant.

No. 14451.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 1987.

Motion for Rehearing or Transfer
Denied April 24, 1987.

Application to Transfer Denied
June 16, 1987.

Lew Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Walter Howard Wells guilty of stealing without consent in violation of § 570.030, RSMo.Supp. 1984. His punishment has been assessed at imprisonment for a term of four (4) years. He appeals, contending that the evidence was not sufficient to support the verdict and that the trial court erred in giving Instruction No. 4—MAI–Cr.2d 2.20 —because Instruction No. 4 "diminished" the meaning of the phrase "proof beyond a reasonable doubt." We affirm.

The chattel stolen was a white, 1975 Ford pickup which belonged to Dennis Flurry. Flurry drove the pickup to the Paper Doll Lounge in Dexter, Missouri, during the evening of March 20, 1985. The truck was parked on the street near the bar. The doors of the vehicle were not locked and Flurry left the keys in the ignition. While he was playing pool in the bar, Flurry saw the defendant and one William Barnett leave the bar together.

Shortly after the two men left the bar, Elvis Mooney, Jr., an attorney, was driving through the south part of Dexter. As Mooney approached the intersection of Highways 114 and 25, he saw a white truck "headed east." Mooney stopped at the intersection. The truck turned north onto Highway 25, ahead of Mr. Mooney, traveling at high speed. Then, in Mooney's words, the truck "hit the curb and ... spun all the way around, 180 degrees. I was right behind [the truck] until its headlights were facing straight toward me, going the wrong way in the highway." Mooney stopped, anticipating being struck, but the pickup spun around again, veered off the highway and collided with a large tractor parked on a dealer's lot. As Mooney drove slowly by the scene of the collision, he saw the defendant and Barnett get out of the pickup truck. The two men waved at the traffic "like they were trying to hitch a ride or something" but very shortly left the scene, walking rapidly. Mooney finally located a telephone and called the police department.

Officer Anson Barney, who responded to Mooney's call, saw the defendant and Barnett walking away from the place of the collision. Barney stopped the two men and asked them if they were involved in or knew anything about the accident. The defendant replied that he "hadn't seen anything." As he proceeded to the scene of the accident, this officer received another call advising him that two males had been seen leaving the place of the accident. Barney was asked to stop the two men again. He did so. Mooney then identified the defendant and Barnett as the two men he had seen in Flurry's truck.

The defendant's first point is that the evidence against him is circumstantial, does not exclude every reasonable hypothesis of his innocence, and taken as a whole is not sufficient to show any affirmative participation on his part. It has many times been held that in a criminal case based on circumstantial evidence, the circumstances need not be absolutely conclusive of guilt

and need not demonstrate the impossibility of innocence. *State v. Goddard*, 649 S.W.2d 882, 884[2] (Mo.banc 1983), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983); *State v. Barker*, 700 S.W.2d 128, 129 (Mo.App.1985). We determine only whether the evidence, viewed most favorably to the verdict, is sufficient for reasonable jurors to have found the defendant guilty as charged. *State v. Barker*, 700 S.W.2d at 129; *State v. Dickson*, 691 S.W.2d 334, 336 (Mo.App.1985).

▆▆▆ The defendant argues that the State's evidence, taken most strongly against him, shows only that he was in joint, unexplained possession of recently stolen property, and such possession alone is not sufficient to establish the defendant's guilt. We agree that something more than unexplained joint possession of recently stolen goods—some affirmative participation—must be shown to convict for burglary or theft. *State v. Mott*, 631 S.W.2d 56, 58[4, 5] (Mo.App.1982). It is nevertheless true that an accused, by putting on evidence, takes the chance of aiding the State's case. *State v. Johnson*, 447 S.W.2d 285, 287[2] (Mo.1969); *State v. Lassen*, 679 S.W.2d 363, 367 (Mo.App.1984). In this case, the defendant called William Barnett, who had pled guilty to stealing the Flurry pickup. Among other things, Barnett testified that he was acquainted with the defendant and that the defendant had several times been to the house where Barnett was living. Barnett further testified that it was he who found Flurry's truck on the street; he got in the truck, saw the defendant across the street and asked the defendant if he wanted to go for a ride.

In *State v. Millican*, 641 S.W.2d 144, 145[1, 2] (Mo.App.1982), this court stated certain elementary principles that apply here, thus:

"The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting and it has also been held that presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. [Citation omitted.] 'Evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction.' [Citation omitted.] One's affirmative participation *in the commission of a felony may be satisfied by inference* and the evidence need not directly place the defendant in the act of committing the crime for which he is charged. [Citation omitted.]" (Our emphasis.)

The defendant's affirmative participation in the theft of the Flurry vehicle may be inferred from the following circumstances: 1) The defendant was acquainted with Barnett; 2) shortly before the Flurry pickup was taken, defendant was drinking beer with Barnett in the Paper Doll Lounge; 3) Barnett and the defendant left the bar together, and 4) the two men were seen leaving the area at high speed in the stolen vehicle shortly after they left the bar. Moreover, suspicious conduct, deceptive behavior and false statements to police can give rise to an inference of guilty knowledge by an accused. *State v. Applewhite*, 682 S.W.2d 185, 188[3] (Mo.App.1984). When the defendant was first accosted by officer Barney, he and Barnett were asked "if they had any involvement in the accident or knew anything about it or [had] seen [an accident]"; the defendant "said he hadn't seen anything." Further, it is a reasonable inference from Mooney's testimony that the defendant and Barnett were attempting to flee from the scene of the theft. Although flight to avoid arrest or prosecution, standing alone, will not sustain a conviction, it is a circumstance indicating guilt. *State v. Lockett*, 639 S.W.2d 132, 135 (Mo.App.1982). Moreover, while unexplained joint possession of the vehicle would not of itself support a conviction, it may, when coupled with other evidence, support an inference of guilt. *State v. Schleicher*, 458 S.W.2d 351, 353[1, 2] (Mo. banc 1970); *State v. Lockett*, 639 S.W.2d at 135. Taken as a whole, we consider the evidence sufficient to show the defendant's affirmative participation in the theft of the vehicle. The point is without merit.

Defendant's further point is that the trial court erred in giving and reading Instruc-

tion No. 4, MAI–Cr.2d 2.20, because that instruction violated defendant's "rights to due process in that the instruction defines proof beyond a reasonable doubt as proof that leaves jurors 'firmly convinced,' thereby diminishing the meaning of proof beyond a reasonable doubt."

At least twice recently, this court has addressed the argument that the definition of "reasonable doubt" found in MAI–Cr.2d 2.20 (and now in MAI–Cr.3d 302.04) is constitutionally objectionable. The instruction was considered at length in *State v. Pendergrass*, 726 S.W.2d 831 (Mo.App.1987). It would serve no useful purpose to restate what was said in that case, beyond reiteration of our conclusion that there is no standard definition of the phrase "reasonable doubt" which must be used. See 2 C. Wright, Federal Practice and Procedure, Criminal 2d § 500 (1982). We once again reaffirm what was said and held in *Pendergrass*. We find no error in any respect advanced in this court and accordingly the judgment is in all respects affirmed.

PREWITT, P.J., and MAUS and FLANIGAN, JJ., concur.