**Steven R. HOWERTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15202.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 27, 1988.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The defendant was charged with first degree assault, § 565.050 and armed criminal action, § 571.015. A jury found him guilty of first degree assault and assessed his punishment at ten years. The jury found the defendant guilty of armed criminal action but could not agree upon the punishment. The trial court fixed his punishment upon that conviction at imprisonment for 35 years. It adjudged the sentences would run concurrently. The defendant's direct appeal was denied. *State v. Howerton*, 691 S.W.2d 516 (Mo.App. 1985).

In this proceeding the defendant seeks relief by his motion filed under Rule 27.26. His amended motion alleged a variety of grounds. Following an evidentiary hearing, the motion court denied the motion. The defendant's sole point on appeal is that the motion court erred in finding that his trial counsel did not render ineffective assistance of counsel by his failure to object when the trial court gave MAI–CR 2d 4.50 (the Kerry Brown instruction) without first ascertaining whether or not the jury could agree upon punishment. He asks this court to vacate his conviction upon the charge of armed criminal action.

The defendant's point has the following background. The jury began deliberations at 3:31 p.m. At 5:55 p.m. the trial court told counsel that he intended to bring the jury out and inquire whether or not they had arrived at a verdict. He said that if the jury had reached a verdict, he intended to give MAI–CR 2d 4.50. After the jury was returned to the courtroom, the trial court admonished the jury about volunteering information. He then asked the foreman of the jury the following question and received the following answer:

THE COURT: First, I want to ask you as to Count I, has the jury arrived at a verdict as to guilt or innocence?

FOREMAN: Yes, your Honor.

The trial court repeated the inquiry in respect to Count II and received the same answer. The court then read MAI–CR 2d 4.50. At 6:18 p.m. the jury returned to the courtroom. Upon Count I, they found the defendant guilty and assessed his punishment at ten years imprisonment. As to Count II, the jury found the defendant guilty of armed criminal action but said they were unable to agree upon punishment. As stated, the trial court fixed punishment upon the verdict on Count II at imprisonment for 35 years.

Section 557.036.2 in part provides: "If there be a trial by jury and the jury is to assess punishment and if after due deliberation by the jury the court finds the jury cannot agree on punishment, then the court

may instruct the jury that if it cannot agree on punishment that it may return its verdict without assessing punishment and the court will assess punishment." MAI–CR 2d 4.50 Notes on Use 1 quotes a part of this section. One of the defendant's points on direct appeal was that the trial court before giving MAI–CR 2d 4.50 did not first determine the jury was unable to agree on the punishment. This court found that issue was not preserved for appellate review. This court did find the defendant had preserved an objection that not enough time had elapsed before the instruction was given. That objection was determined to have no merit.

In its conclusions concerning the effectiveness of the defendant's trial counsel, the motion court stated, "the only possible mistake the Court can find was his failure to object to the 4.50 instruction." After considering the authorities, the motion court further found that the defendant "failed to meet the heavy burden of proving unfairness resulting from the alleged ineffectiveness of … his trial counsel…." The defendant seizes upon these determinations. He premises his only point on appeal upon the following basis. "In appellant's case, the trial court did not find that the jury could not agree on punishment before giving the instruction."

The defendant cites *State v. Wells*, 639 S.W.2d 563 (Mo. banc 1982) and *State v. McAlister*, 652 S.W.2d 269 (Mo.App.1983). These cases do not aid the defendant. In *State v. Wells*, supra, the trial court gave MAI–CR 2d 4.50 when the jury stood 11 to 1. In *State v. McAlister*, supra, without any communication with the jury, after two hours deliberation, the court had the bailiff deliver MAI–CR 2d 4.50 and MAI–CR 2d 4.52 to the jury.

Moreover, the defendant's premise is ill founded. The trial court did not orally or in writing expressly find the jury could not agree upon punishment. MAI–CR 2d 4.50 is now MAI–CR 3d 312.02. Notes on Use to MAI–CR 3d 312.02 do suggest appropriate inquiries to be made of the jury and that the trial court make express findings required by § 557.036.2. However, there is no statutory requirement that the trial court expressly, orally or in writing, find the jury cannot agree on punishment. The Notes on Use to MAI–CR 2d 4.50 did not provide any suggested questions nor state any requirement of an express written finding. No case has been found or cited that holding the same was necessary.

The trial court acted in the following circumstances. The evidence in the trial was brief and to the point. The defendant testified and admitted the acts. Those acts included sticking a knife with a blade approximately three-fourths of an inch wide and six inches long into the abdomen of his victim. He attempted to excuse himself because he could not control himself. This was tantamount to a guilty plea. The jury had deliberated an extended period of time. If it had reached a verdict of not guilty, it would have returned that verdict. When the foreman told the court the jury had reached a verdict, which had not been returned, it was obvious the jury had reached a verdict of guilty but could not agree upon punishment. It is apparent the trial court determined that to be true when he gave MAI–CR 2d 4.50 and MAI–CR 2d 4.52. The defendant has not established ineffective assistance of counsel due to counsel's failure to object because the trial court did not make an express finding of what was at the time obvious to those present.

Under his sole point on appeal, the defendant also argues the jury should have been allowed to continue their deliberations. By this argument, he is again asserting that MAI–CR 2d 4.50 was prematurely given. This point was decided against the defendant on his direct appeal. It cannot be raised to support his one point on appeal in this proceeding. *Henson v. State*, 581 S.W.2d 595 (Mo.App.1979). The defendant's sole point is denied. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.