## Benjamin Clifford MILLICAN, Appellant,

v.

## STATE of Missouri, Respondent.

### No. 15408.

Missouri Court of Appeals, Southern District, Division One.

June 1, 1988.

Motion for Rehearing to Transfer to Supreme Court Denied June 21, 1988.

Elizabeth A. Bock, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

In *Millican v. State,* 733 S.W.2d 834 (Mo.App.1987), this Court reversed an order of the Circuit Court of Greene County denying a motion by Benjamin Clifford Millican ("movant") under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986), to vacate his conviction of the class C felony of stealing a diamond valued at more than $150, § 570.030, RSMo 1978, for which he was sentenced to 12 years' imprisonment. We remanded the 27.26 proceeding to the Circuit Court with directions to resolve a fact question, i.e., whether attorney W⸺, who represented movant at the jury trial that produced the conviction, had been told, prior to such trial, by Donald Ray James or Shirley D. James, or both, that either or both would testify as a witness for movant. The significance of that issue is fully explained in our prior opinion, and we shall not lengthen this one by repeating what we have already said. The reader, however, must familiarize himself with the prior opinion to understand what follows.

The only individuals with firsthand knowledge regarding the above-framed issue were Donald James, Shirley James and

W——. Donald James and W—— testified at an evidentiary hearing in 1986 that preceded the prior appeal, and their testimony is exhaustively recounted in our prior opinion. At a hearing in 1987 following the remand ordered by our prior opinion, the Circuit Court was informed by movant, through appointed counsel, that all efforts to produce Shirley James as a witness at such hearing had been unsuccessful. As a result, no further testimony was presented to the Circuit Court at the 1987 hearing.

After the 1987 hearing, the Circuit Court filed findings of fact and conclusions of law based on the evidence adduced at the 1986 hearing.[1] Pertinent to the instant appeal, the Circuit Court found:

"Donald James testified that both he and Shirley James had told [W——] that they would testify for Movant at Movant's jury trial. [W——] testified that Donald James and Shirley James had never made such an offer. [W——] also testified at the evidentiary hearing that Movant and Mr. and Mrs. James had each consistently maintained through all three of their jury trials that none of them committed the crimes charged and that none of them were present.

... The Court finds that ... the testimony of Donald James as to the alleged conflict of interest by attorney [W——] is not credible....

... The Court finds, therefore, that there is not competent, credible evidence establishing an actual conflict of interest on the part of attorney [W——]. The Court further finds and believes from the evidence that neither Donald James nor Shirley James ever told [W——] that they would testify on behalf of Movant. Specifically, the Court finds that neither Shirley James nor Donald James told [W——], prior to Movant's trial, that they would testify Movant was unaware, prior to fleeing the scene of the theft, that the theft had occurred. Movant having

failed to carry his burden of proving a conflict of interest, the Court denies ... relief."

Movant briefs one assignment of error. It states:

"The hearing court clearly erred ... when it dismissed movant's motion for 27.26 relief on the grounds that movant was not denied effective assistance of counsel. Movant was denied effective assistance of counsel because movant's trial attorney was laboring under an actual conflict of interest that adversely affected his performance. Movant was not aware of the conflict of interest and did not knowingly consent or waive representation free of conflicting loyalties."

Movant's contention is predicated on the assumption that Donald James was telling the truth when he testified at the 1986 hearing that he and Shirley James had told W——, prior to movant's trial, that they would testify for movant. The Circuit Court, as demonstrated by its above-quoted findings, flatly rejected Donald James' testimony as unworthy of belief, and found that no offer to testify was ever made to W—— by either Donald James or Shirley James. It was the prerogative of the Circuit Court to do so, as the credibility of the witnesses was for the Circuit Court's determination, and such court was free to disbelieve Donald James' testimony even had there been no contrary testimony by W——. *Shoemake v. State*, 462 S.W.2d 772, 775[1–4] (Mo. banc 1971); *Johnson v. State*, 615 S.W.2d 502, 505[2] (Mo.App.1981).

Our review is limited to a determination of whether the findings, conclusions, and judgment of the Circuit Court are clearly erroneous. *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984); *Wickman v. State*, 693 S.W.2d 862, 866[3] (Mo.App. 1985); Rule 27.26(j), Missouri Rules of Criminal Procedure (18th ed. 1987).[2] Inasmuch as (1) movant would have been entitled to post-conviction relief only if the

---

1. The 1986 and 1987 hearings were presided over by the same judge.

2. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to

be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

Circuit Court had believed Donald James' testimony, and (2) the Circuit Court was empowered to find, as it did, that such testimony was not credible, it follows that the findings, conclusions, and judgment of the Circuit Court are not clearly erroneous.

Judgment affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.