**Terry Lee ALLEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12458.**

Missouri Court of Appeals,
Southern District,
Division Three.

June 3, 1982.

Jeri Leigh Caskey, Alton, for movant-appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Chief Judge.

By his pro se motion filed under Rule 27.26, the movant seeks to have his life sentence vacated. The record gives only a bare outline of the crime for which he was sentenced. Apparently, on January 20, 1981, the movant, Gresham and Ashley robbed a service station in Shannon County operated by Bennie Searcy and Thelma Searcy. Bennie Searcy was grievously wounded and Thelma Searcy was killed.

Initially a complaint was filed alleging the movant committed the crime of capital murder by shooting Thelma Searcy with a 16-gauge shotgun. The complaint was amended to allege the movant committed that offense acting alone or in concert with another. A preliminary hearing on the amended complaint was scheduled for April 8, 1981. However, on that date, as a result of plea bargaining, the complaint was further amended. The second amended complaint alleged the movant committed the crime of first degree assault by shooting Bennie Searcy with a 16-gauge shotgun. The movant then waived a preliminary hearing on the second amended complaint and was bound over to the circuit court. The same day he entered a plea of guilty to that crime of first degree assault. He was sentenced to life imprisonment.

Both the statement of grounds and the statement of facts in the pro se motion consist of rambling, disjointed, conclusory recitations. The pro se motion was not amended as directed by *Fields v. State*, 572 S.W.2d 477, 483 (Mo.banc 1978), "to state factually in lawyerlike fashion the basis for all claims for relief under rule 27.26 which movant claims to have." However, considering that motion in the light of the movant's unobjected to testimony, *Vidauri v. State*, 515 S.W.2d 562 (Mo.1974), it may be reasonably concluded the movant seeks relief upon the following bases. He entered the plea of guilty as a result of duress exercised by his appointed counsel; his plea of guilty was not knowingly and voluntarily entered because he did not know of certain evidence and his counsel was ineffective in not discovering that evidence, or in not telling movant of that evidence.

The only witness at the evidentiary hearing was the movant. He gave his testimony in much the same manner as his motion was drafted. In large part it consists of

somewhat vague, disjointed, conclusory narration. By repetitive reading his testimony may be summarized to assert as facts the following.

The movant had decided to have a preliminary hearing on and defend the charge of capital murder. He did not believe he could be found guilty of that charge because he intended only to rob the store. He could not have been guilty of premeditated, deliberate murder. He knew two guns had been used, but his counsel told him the state would prove that only one gun, that of the movant, was used to wound Bennie Searcy and to kill Thelma Searcy. The movant says his counsel presented the plea bargain and kept "hammering" upon the possible penalties of death or life imprisonment without parole for 50 years if he did not accept.

The movant testified that additional evidence had been discovered. He claimed to have no knowledge of this additional evidence. This included evidence that would show the two shots fired by his gun struck Bennie Searcy and that a third shotgun shell had been found at the scene. Presumably this established that one of his accomplices fired the shot that killed Thelma Searcy. The movant's second and third contentions are based upon his asserted lack of knowledge of these alleged facts. He relies upon reasoning expressed in cases such as *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ In addition to the movant's testimony the trial court properly considered the written waiver of the preliminary hearing and the transcript of the plea. *McNeal v. State*, 503 S.W.2d 19 (Mo.App.1973). Upon that basis the trial court entered findings of fact, conclusions of law and a judgment denying the 27.26 motion. By its findings of fact the trial court found the movant was correctly informed of the range of punishment for capital murder and that his plea of guilty resulted from plea bargaining. In its conclusions of law the trial court concluded the plea of guilty was knowingly and intelligently made and not the product of duress. It further concluded that mov-

ant's evidence was contradicted by the records in the case and therefore did not support the movant's burden of proof.

The judgment of the trial court must be reversed. However, in doing so this court does not mean to imply that the meager record requires that the 27.26 motion be granted. Nor is this opinion to be construed as even suggesting the services of movant's distinguished 27.26 trial counsel were ineffective. Nor is it to be interpreted as indicating the trial court must give credence to the testimony of the movant. In fact, this court notes the vagueness of and the contradictions in that testimony. It may be surmised that the movant's principal concern was his fear that he might be compelled to testify against one of his accomplices.

However, by rule and decision standards have been adopted for findings of fact and conclusions of law in the disposition of 27.26 motions. These standards often prove onerous to trial courts acting under the burden of an excessive caseload. Also, it may be fairly assumed that trial courts upon hearing the testimony actually make findings and conclusions which inadvertently are not set forth in the judgment entry. Compliance with the applicable standards would be less difficult if movants are required to state their claim for relief in lawyerlike fashion as directed by *Fields*. Nevertheless, these standards are mandatory. *Carns v. State*, 598 S.W.2d 157 (Mo.App.1980). Rule 27.26(i) in part provides: "The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." In the application of that rule the Supreme Court en banc has stated: "Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required." *Fields* at p. 483.

In this case the trial court made an expressed finding the plea was not the result of duress. That adequately disposed of the movant's first contention.

However, neither the findings of fact nor conclusions of law contain any reference to

the additional evidence heretofore mentioned. There is no finding concerning the truth of that alleged evidence. Nor is there a finding of whether or not the movant knew of that evidence and, if not, whether or not he was prejudiced thereby. *Wilson v. State*, 626 S.W.2d 243 (Mo.banc 1982). There is no finding or conclusion in reference to the asserted ineffectiveness of counsel. The transcript of the plea deals primarily with the absence of any threats or promises to the movant. The transcript, in an answer of the defendant, contains the following reference to the facts of the crime: "I rushed the door. I hit the door. I bounced off. I heard a noise. I shot my gun and I hit Mr. Searcy and I ran off." Movant said he shot his gun twice. The transcript contains no reference to a third shell. In short, the 27.26 testimony of the movant is not controverted by the record.

In some circumstances the general findings of fact and conclusions of law entered in this case may be sufficient. However, by his motion and by his testimony the movant has placed his state of mind in issue. The general findings and conclusions are not sufficient. "[H]ere, there are allegations in the motion and evidence offered which are not refuted by the record in the guilty plea hearing ... and ... it is clear that the findings of fact in this case do not reach all of the issues presented by the motion and evidence." *Griffin v. State*, 578 S.W.2d 272, 274 (Mo.App.1978). Also see *Brauch v. State*, 611 S.W.2d 406 (Mo.App.1981).

The judgment could have been properly based upon a determination the trial court "found that the testimony of movant was not credible and was unworthy of belief." *McCoy v. State*, 610 S.W.2d 708, 709 (Mo. App.1981). However, in the circumstances of this case in the absence of such an express finding, the judgment cannot be sustained upon that basis. *Griffin v. State*, supra.

■ Because of the inadequate development of the issues and the absence of findings, this court cannot with fairness dispose of this case. Therefore, paraphrasing the language of the Supreme Court: In order

that the validity of appellant's plea of guilty be finally determined in one proceeding, it is ordered that the judgment of the circuit court be and is hereby reversed and remanded with directions to allow appellant to amend his motion; to hold an evidentiary hearing; to make written findings of fact and conclusions of law responsive to the issues; and to determine from the evidence if appellant is entitled to any relief. *Porter v. State*, 504 S.W.2d 30 (Mo.1974).

BILLINGS, P. J., and TITUS, HOGAN, FLANIGAN and PREWITT, JJ., concur.