**STATE of Missouri, Respondent,**

v.

**Terry L. CANTERBURY, Appellant.**

**No. 67282.**

Supreme Court of Missouri,
En Banc.

April 15, 1986.
Rehearing Denied May 13, 1986.

Richard W. Dahms, Public Defender, Dan R. Adams, Asst. Public Defender, St. Joseph, for appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

PER CURIAM:

This is an appeal from a conviction of capital murder, § 565.001, RSMo 1978 (now repealed), and sentence of life imprisonment without eligibility for parole for fifty years. Appellate jurisdiction is vested in this Court pursuant to Mo. Const. art. V, § 10.

Appellant, Terry Canterbury, along with Thomas Atkins entered the home of Rosie New, age 60. While Canterbury gagged and bound Ms. New, Atkins removed various items from her home. The woman, still gagged and bound, was dragged from her home and driven to a bridge. En route to the bridge, Canterbury informed Ms. New that she was going to die. With Atkins' assistance, Canterbury threw the victim off of the bridge and into a creek where she drowned. Canterbury later stated to Atkins that the victim deserved to die because she was responsible for putting his brother into the penitentiary.

We consider Canterbury's first two points together. Relying on MAI–CR2d 2.70, Note on Use 2 and MAI–CR2d 15.00, Supplemental Note on Use 8, which refer to former Rule 24.04 (repealed and replaced by Rule 23.05), Canterbury argues that the State improperly joined the felonies of capital murder and first degree murder in the same indictment. Based upon the proposition that capital murder and first degree murder may not be charged in the same indictment, Canterbury reaches two conclusions. First, the trial court erred in failing to require the State to elect at the close of all evidence between submitting the capital murder count of the indictment to the jury and submitting the first degree murder count. Second, the trial court erred in instructing the jury in accordance with MAI–CR2d 2.71 that it could find him guilty of either capital murder or first degree murder.

■ We reject both of these contentions. The State may, in its discretion, charge capital murder and first degree murder in separate counts of the same indictment and may ultimately proceed to the jury on both counts. Rule 23.05. *See State v. Blair,* 638 S.W.2d 739, 747 (Mo. banc 1982), *cert. denied* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983).

■ There is no merit in Canterbury's next contention that the trial court erred in submitting to the jury the ordinary verdict director for capital murder, MAI–CR2d 15.-02, in lieu of a verdict director in the form of MAI–CR2d 2.12 which would have authorized the jury to impute Atkins' criminal conduct to Canterbury. An instruction on accessorial liability need not be given where, as here, the evidence establishes that the defendant, by his own conduct, committed all of the elements of the underlying offense. MAI–CR2d 2.12, Notes on Use 4 and 6.

■ For his fourth point, Canterbury contends that the trial court abused its discretion in admitting, over his objection, six photographs. One of the photographs depicts the body of the victim near the bridge and creek where she was found. The other photographs are close-up pictures of the body of the victim showing her mouth still gagged and her hands still tied behind her back with duct tape and telephone cord. It is argued that the photographs were not relevant to any material element of the State's case and "were offered for the sole purpose of arousing the emotions of the jury and to prejudice the jury against the defendant." The photographs at issue depicted the scene of the crime and helped to establish the identity, condition and location of the victim's body as well as the cause of death. The photographs also served to corroborate the testimony of several of the State's witnesses. While the photographs are not pleasant, the possible prejudicial impact of their admission into evidence did not outweigh their clear probative value. *See State v. Guinan,* 665 S.W.2d 325, 331 (Mo. banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); *State v. Jackson,* 499 S.W.2d 467, 472 (Mo.1973). *See generally* 23 C.J.S. Criminal Law § 852(1) (1961). We find no abuse of discretion.

In his final point, Canterbury contends that the trial court erred in failing to instruct the jury on conventional manslaughter in accordance with MAI–CR2d 15.18. The pattern instructions (and accompanying Notes on Use) applicable to a case tried under §§ 565.001 et seq., RSMo 1978 (repealed 1983) embody the so-called "automatic submission rule" whereby an instruction on conventional manslaughter must be read to the jury whenever any higher grade of homicide is submitted. *See* MAI–CR2d 15.00 Supplemental Notes on Use 3.d. and Caveat c. The capital murder statute in effect at the time the offense was committed and trial held was § 565.-006.1, RSMo 1983 Supp. (as amended L. 1979, H.B. 251) providing that lesser included instructions are not to be given in capital murder cases unless they are supported by the evidence. Because of the express legislative command, the trial court should not have given a manslaughter instruction. The failure of MAI–CR2d to reflect the new legislation is of no significance. The statute prevails over MAI. Canterbury's final point is rejected.

The judgment of the trial court is affirmed.

HIGGINS, C.J., BILLINGS, BLACKMAR and RENDLEN, JJ., and HOUSER, Senior Judge, concur.

DONNELLY, J., concurs in result.

WELLIVER, J., concurs in separate opinion.

ROBERTSON, J., not sitting.

WELLIVER, Judge, concurring.

The final point addressed by the per curiam raises a false issue. Both § 565.006.-1, RSMo Cum.Supp. 1983 (now repealed) and MAI–CR2d 15.00 provide that a lesser included offense shall be submitted when *justified* or *supported* by the evidence. There is no inconsistency between the instruction and the statute. The problem arises because of a line of cases that no longer reflect the law under existing statutes, and which were perhaps wrongly decided as demonstrated by Judge Billing's concurring opinion in *Love v. State*, 670 S.W.2d 499, 504 (Mo. banc 1984). Initially, this Court held that a manslaughter instruction must be submitted when instructing on a higher offense. This became known as the "automatic submission rule" and it was based on this Court's interpretation of the elements of the offenses. After these cases ceased to reflect the law in Missouri, the "automatic submission rule" became a misnomer. The elements of the offenses (and the presumption of malice) having been clarified, the inquiry switched to a case by case determination of whether the evidence would support submission of the lesser offense. Once it is recognized that this Court no longer follows *State v. Stapleton*, 518 S.W.2d 292 (Mo. banc 1975), and it progenies, both the MAI–CR2d 15.00 comments and the statute are consistent with the per curiam's holding but not with its reasoning.