Michael E. GILL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 37460.

Missouri Court of Appeals,
Western District.

July 8, 1986.

George M. Ely, Hamilton, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM.

Gill appeals the dismissal of his Rule 27.26 motion without an evidentiary hearing. The judgment is reversed.

Following his guilty plea, Gill was convicted of second degree burglary and sentenced as a persistent offender to fifteen years imprisonment. He subsequently filed a Rule 27.26 motion seeking post-conviction relief primarily on the grounds that counsel was ineffective in failing to pursue the viable defense of entrapment, despite Gill's request that he do so, and in thus consequently encouraging Gill to plead guilty to the illegal charge.

Counsel was appointed to represent Gill and the cause was scheduled for evidentiary hearing. The state then filed a motion to dismiss, arguing that the claims presented by Gill's motion either were not cognizable in a Rule 27.26 proceeding or were conclusively refuted by the files and records in the case. The motion to dismiss, after a hearing thereon, was sustained. In ruling from the bench, the court made the following observation:

> [F]rom a reading of [the guilty plea transcript] it's pretty evident that [Gill] was very knowledgeable and with a full understanding of all of his right [sic] at that time, and it is clear [he] was satisfied with the representation of his attorney at that time.... [T]he Court believes that from the transcript and from the petitioner's motion that there is really nothing to be gained by an evidentiary hearing; that the petitioner is not entitled to any relief by any factual allegations as set up that were not covered completely and which were not available through a direct appeal.

The court's docket entry reflects only that after a hearing was held on the state's motion to dismiss, the motion was granted.

On appeal Gill maintains that he was entitled to an evidentiary hearing and he complains that the trial court failed to make findings of fact and conclusions of law in dismissing his motion.

■ Because Gill's second point is dispositive of this appeal, only it will be addressed. In ruling on a Rule 27.26 motion, the trial court is required to make specific findings of fact and conclusions of law on all issues presented regardless of whether or not an evidentiary hearing is held. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); Rule 27.26(i). Furthermore, this requirement applies even where the trial court sustains a motion to dismiss. *Lewis v. State*, 700 S.W.2d 491, 492–93 (Mo.App.1985); *Tammons v. State*, 686 S.W.2d 552, 553 (Mo.App.1985). A mere recital or statement that the motion, files and record conclusively refute movant's claim for relief will not suffice nor will findings and conclusions be supplied by implication from the trial court's ruling. *Fields, supra* at 483. Findings and conclusions satisfy the *Fields* requirement of specificity if they permit meaningful review on appeal, *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983), where such review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 27.26(j).

■ While neither *Fields* nor Rule 27.26 require written findings and conclusions, the court's remarks in this case in dismissing Gill's motion are much too conclusory to suffice. The most that can be derived

from such statements is the court's determination that Gill's claims were refuted by the record and that he failed to raise any claims that could not have been raised on direct appeal. Such ultimate conclusion may or may not be correct, but given the absence of specific findings of fact and conclusions of law as to each of Gill's eleven grounds for relief (some of which are conducive to joint consideration) this court cannot engage in meaningful review without exceeding the scope of that review through impermissible inference. Therefore the judgment is reversed and the case remanded for the entry of findings and conclusions that comply with *Fields, supra. Huffman v. State,* 668 S.W.2d 255 (Mo.App.1984); *McAlester v. State,* 658 S.W.2d 90 (Mo.App.1983).

The judgment is reversed.