**Marlon PAYNES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 53017.**

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied July 26, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first-degree murder and was sentenced as a persistent offender to a term of life imprisonment. He appealed and we affirmed. *State v. Paynes,* 697 S.W.2d 200 (Mo.App. 1985).

In addition to movant's pro se motion, first and second amended motions were filed by movant's appointed counsel. At the evidentiary hearing movant testified on his behalf and his trial counsel testified for the state. In denying movant's motion, the trial court entered findings of fact and conclusions of law.

In his sole point on appeal, movant contends the court's findings of fact and conclusions of law are insufficient because the court failed to address his claim that the trial court entered "judgment and sentence after a juror had indicated the verdict of guilty against [movant] was not her verdict."

Movant alleged the following in the second point of his pro se motion:

[T]he trial court erred in its coercing juror Ann Costa after she expressed her dissent in rendering a judgment in opposition to her fellow jurors, and the court then coercing Ann Costa to accept the verdict of her fellow jurors as her own.

This claim was incorporated by reference in the second amended motion, which further alleged in paragraph 4 that

[m]ovant's counsel was ineffective in failing to raise the issue of the juror, Ann Costa, who indicated to the Court that the verdict of the jury was not her verdict in the Motion for New Trial. This prevented this issue from being argued on appeal and thus defendant was denied proper preservation of issues on his appeal of this matter.

At the beginning of the evidentiary hearing, movant's counsel stated point 4 of the second amended motion was "withdrawn subject to the testimony by my client which may affect that." Counsel then asked movant the following questions pertaining to these claims:

Q. You have raised as your Second Point, your counselor erred and the Court erred at that time in allowing the

verdict and judgment to stand because one juror, Ann Costa, indicated the sentence that the verdict imposed by the jury was not her verdict, is that correct?

A. Yes.

Q. And it was your point raised in the Motion that based on that and her statement she made to the Court after the verdict was returned, your counsel should have objected and the verdict should have been reversed, is that correct?

A. Yes.

The findings of fact and conclusions of law of the court make no mention of the issues concerning juror Costa.

The copy of the second amended motion in the legal file contains a handwritten note in the margin next to paragraph 4: "Withdrawn A.C.F. 11/21/86." We note that "A.C.F." are the initials of the motion judge, Anna C. Forder, and that the date of the evidentiary hearing was November 21, 1986. Further, the proposed findings of fact submitted by movant, which is included in the legal file, makes no reference to the juror Costa issues.

A motion court cannot be found to err for failing to make findings of fact and conclusions of law on issues not presented at the evidentiary hearing. *Holzer v. State*, 680 S.W.2d 764, 767 (Mo.App.1984); *Johnson v. State*, 615 S.W.2d 502, 506 (Mo. App.1981). This is true also of issues withdrawn by a movant. The record leads us to conclude the court, the state, and the movant's counsel did not believe the issues concerning juror Costa were to be considered.

However, we need not affirm on this basis alone because the motion court makes no error in failing to make findings of fact and conclusions of law on claims not cognizable in a Rule 27.26 proceeding. *Gawne v. State*, 729 S.W.2d 497, 501 (Mo. App.1987). An issue which could have been raised on direct appeal, even though it is a constitutional claim, is not cognizable in a Rule 27.26 motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *Bradford v. State*, 694 S.W.2d 760, 761 (Mo.App.1985); *Johnson v. State*, 615 S.W. 2d 502, 506 (Mo.App.1981).

The record reveals after the unanimous verdict was announced, the jury was polled and juror Costa told the court the guilty verdict was her verdict. As she was leaving the courtroom, she made some comments that were relayed to defense counsel. He questioned her and then reported to the court, and a record was made. Her comments are subject to various interpretations. In the motion for new trial, it was alleged the court erred in failing to grant a mistrial based on the juror's remarks. Movant's appellate counsel apparently did not raise this issue on appeal. Because the issue was raised at trial, it could have been raised on appeal. Therefore, the issue is not cognizable in a Rule 27.26 motion, except where fundamental fairness requires otherwise, and we do not believe this case warrants such relief. Thus, the motion court was not required to make a finding on movant's claim under the circumstances in this case.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.