**Richard SHAW, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55113.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 1989.

Application to Transfer Denied
June 13, 1989.

Dorothy M. Hirzy, Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant challenges the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant pleaded guilty to one count each of first degree robbery, attempted first degree robbery, felonious restraint and two counts each of armed criminal action and first degree assault. The charges stemmed from two separate incidents, a 1985 non-fatal shooting and robbery and a 1986 attempted robbery. In the latter instance, movant was accused of approaching a car near the corner of 39th and Lafeyette streets with his brother for the purpose of armed robbery. The "victim," a security guard, was armed and fatally shot movant's brother while wounding movant.

After pleading guilty, movant filed a pro se Rule 27.26 motion,[1] claiming that his guilty pleas were involuntary because of his trial counsel's failure to pursue certain evidence or properly represent him and because of the trial judge's coercive actions. An amended motion further explained the ineffective assistance issues, stating that counsel failed to properly investigate, contact witness, or discuss the case with movant.

An evidentiary hearing was held. Movant testified and produced Pepper Graham as an additional witness. Other witnesses, including his two sisters, failed to appear. Trial counsel, Mr. Krautman, was the only state witness. At the close of the state's evidence, the motion judge agreed to give movant until April 1 to produce the absent

---

**1.** Rule 27.26 was repealed in January of 1988 and replaced with Rule 29.15.

witnesses. A second date, April 29, was set to hear this testimony, but the witnesses again refused to cooperate and the cause was submitted without that evidence.

On May 31, the judge dismissed the motion and filed findings of fact and conclusions of law. The judge found movant's testimony to be generally not credible, Ms. Graham's testimony "of little or no value" and Mr. Krautman's testimony credible. He held that movant had not proven his allegations and that the guilty plea was "intelligently and voluntarily entered with the movant knowing and understanding the full consequences of his acts." Movant now appeals.

 Movant's first two points relied on jointly claim that the motion court erred in either failing to specifically address or to approve his claim that the trial judge coerced his guilty plea. Rule 27.26(i) requires the motion court to "make findings of fact and conclusions of law on all issues presented." The findings need not itemize each matter pleaded, however, as long as they are sufficient to allow appellate review. *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App.1985). Although the motion court did not specifically mention or explain his reasons for denying the judicial coercion issue, his finding that the plea of guilty was voluntary, and his general comments combined with the record are sufficient to allow review.

Movant based his claim of coercion on the guilty plea transcript. He cites a number of comments which he claims "coached" and "pressured" him. In fact, the transcript reveals the trial judge's reluctance to accept the guilty pleas and the comments reflect his intentions not to accept them absent a greater demonstration of conviction on movant's part. The trial court was merely fulfilling its duty to carefully determine if the plea was in fact voluntary, *Pulliam v. State*, 480 S.W.2d 896, 903 (Mo.1972), and this does not amount to coercion. Point denied.

██ Movant's final point relied on attacks the motion court's denial of his ineffective assistance of counsel claim. He argues that trial counsel's failure to investigate alibi witnesses or possible witnesses to the 39th Street shootings caused him to believe counsel would not actively represent him and thus coerced his guilty plea. A Rule 27.26 movant who has pleaded guilty is not entitled to relief based on counsel's failure to investigate unless he produces evidence, not mere conclusory allegations, to show that the missing investigation would have produced useful evidence. *Sweazea v. State*, 588 S.W.2d 244, 246 (Mo.App.1979). He must also demonstrate how counsel's ineffectiveness affected the voluntariness of his guilty plea. *Skinner v. State*, 624 S.W.2d 135, 136 (Mo. App.1981).

██ The record discloses that movant failed to meet his burden of proof on all counts. Movant informed counsel that his two sisters would provide alibi testimony and stated at the hearing that counsel failed to pursue this information.[2] Counsel, however, testified that he contacted the sisters and that they vacillated in their willingness to assist movant. The fact that these women failed to testify during the post-conviction proceedings, even though subpoenaed twice each, strongly indicates that they would have been unavailable or unhelpful at a trial. The claim that further effort would have produced an alibi is unsupported by the record. The other "evidence" mentioned in the point relied on referred to movant's contention that a friend, Johnnie Mae Love, lived near the scene of the shooting and might be able to discover witnesses to the shooting. Counsel's investigation revealed that Ms. Love had heard gunshots on that day, but had not witnessed the incident. There was no evidence that she actually possessed any beneficial information. Because he failed to produce sufficient evidence, movant's contentions amounted to mere conclusory allegations and the trial court correctly de-

---

**2.** The record also mentions two other women, Vanessa and Mary Tolliver, but their roles are not clear. Since they are not specifically men-

tioned in this point, we will not address them in this opinion.

nied his Rule 27.26 claim on the issue of ineffective assistance of counsel.

The judgment of the trial court is affirmed.

SIMON and HAMILTON, JJ., concurs.