**Terry L. CANTERBURY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41555.**

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

Craig A. Johnston, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Appeal from the denial, after evidentiary hearing, of appellant's Rule 27.26[1] motion for post-conviction relief. Appellant presents two points on appeal: (1) that the trial court erred in failing to enter specific and more complete findings of fact and conclusions of law; and (2) that the motion court erred in denying appellant's Rule 27.-26 motion in that defense counsel failed to present testimony of a witness establishing a defense of intoxication or drugged condition. The judgment of the motion court is affirmed.

Appellant was convicted by a jury of capital murder and was sentenced to life imprisonment without parole for fifty years. Subsequently his conviction and sentence were affirmed by the Supreme Court in *State v. Canterbury,* 708 S.W.2d 662 (Mo. banc 1986).

Appellant filed his 27.26 motion *pro se* and a *pro se* motion to appoint counsel on September 10, 1987. The court denied his motion for appointment of counsel on October 27, 1987. About ten months later James Nadolski entered his appearance for appellant as a contract Public Defender, and on September 23, 1988, an amended 27.26 motion was filed. Appellant's motion alleged three points of ineffective assistance of counsel and the amended motion to vacate alleged seven grounds of ineffective assistance of counsel.

The court held evidentiary hearings on the motion on December 19 and 28, 1988. Appellant testified his trial counsel failed

to subpoena witnesses including Carolyn Russell, who had been offered some stolen items to purchase, and his sister, Cherry Canterbury, who could testify that he was intoxicated and on drugs on the night in question. Appellant complained that his trial counsel only met with him once before trial and that counsel failed to object to items taken from Carolyn's house which were allegedly taken from victim's home.

Richard Dahms, appellant's trial counsel, also testified at the hearing on the motion. Mr. Dahms testified that he talked with appellant "numerous times" and "spent quite a bit of time with him in regards to the preliminary hearing, and spend [sic] a lot of hours with him in preparation of the trial in this case." He also testified as to why Carolyn Russell was not called as a witness in the case as she was endorsed as a state's witness and he "didn't see that she would in any way assist us in the defense of Mr. Canterbury in this case."

Mr. Dahms did discuss possible witnesses with appellant and testified that, "[t]here was some discussion at one point in time about calling members of his family," but that, "[t]he information thas [sic] provided to us, to our office, not only by Mr. Canterbury but also by his family, indicated that these people would not be of any value to us in the case...."

At the conclusion of the evidentiary hearing, the motion judge made the following oral findings of fact and conclusions of law:

THE COURT: Well, let the record show that the Court has read the transcript and is aware of those matters which were called to the Court's attention at the last hearing where Mr. Canterbury testified, on the 19th. I got the transcript from the Clerk's office. I read the pages which were indicated there.

It's true that Mr. Dahms did not object to the introduction of those exhibits into evidence, but an objection would have been useless because they were fully indentified [sic] with the initials on them. There was no reason for an objection. The chain of custody was not important

1. Repealed, effective January 1, 1988.

at all, when you could tell what the items were, and they were fully identified. It's not like it was an item of drugs, or something, that had to be analyzed.

Also, on Pages 85 and 86—No; wait a minute. That same item on Page 85 and Page 173 concerns the same matter, failure to object to those items which were picked up from the Carolyn Russell house, so there was no error there.

The bluejeans, he was asked why he didn't bring up the matter before, and he said that it was a matter of trial strategy. I think he thought he would be able to. He's not the first lawyer to try to do that. I don't think that it made any difference anyway, but it was a matter of trial strategy. I would not fault an attorney for failure to give notice of those so he could put them into evidence. Evidently, it was an afterthought anyway, because the witness that he could have done it with, unless he used his client, was never endorsed. And his client evidently choose [sic] not to testify.

The other matters were the same thing. Also, in his testimony today, I believe the testimony of Mr. Dahms. Also, the Court remembers this trial. There was a serious question whether or not this man should get the death penalty, and Mr. Dahms, through his representation, I think was responsible for the fact that he didn't get the death penalty.

So the Court finds that he had effective counsel and not ineffective counsel, so your motion to vacate and set aside the sentence is denied.

Appellant's first point alleges error in the trial court's failure to enter specific and more complete findings of fact and conclusions of law because this failure deprives appellant of a meaningful review of his Rule 27.26 allegations on appeal.

Rule 27.26(i) stated that, "[t]he court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The purpose of findings of fact and conclusions of law is to provide for a meaningful review of the trial court's decision. *Gill v. State*, 712 S.W.2d 732 (Mo.App.1986). It is not required, however, that these findings and conclusions be in writing. *Id.*

Findings of fact and conclusions of law are deemed sufficient when they enable the reviewing court to determine whether they may be judged "clearly erroneous." *Kennedy v. State*, 771 S.W.2d 852, 855 (Mo. App.1989). "No error will result, however, for failure to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or on a claim not cognizable in a 27.26 proceeding." *McDonald v. State*, 758 S.W.2d 101, 104 (Mo.App.1988) (citations omitted).

■ Appellant filed a *pro se* motion assigning three grounds of ineffective assistance of counsel. Motion counsel filed an amended motion alleging seven grounds of ineffective assistance, one ground of denial of due process and equal protection, and three claims of unconstitutionality of the capital murder statutes. Appellant claims that points 8(b) (denial of due process and equal protection because of the introduction of allegedly prejudicial photographs) and 8(c) (unconstitutionality of the capital murder statutes) of the amended motion were not addressed. Furthermore, appellant alleges, only four of appellant's claims of ineffective assistance of counsel were addressed; 8(a) of the *pro se* motion, and points 8(a)(1), 8(a)(2), and 8(a)(3) of the amended motion.

The findings made by the court specifically address 8(a)(1), 8(a)(2) and 8(2)(3) of the amended motion. Points 8(a)(4), 8(a)(5), 8(a)(6) and 8(a)(7) deal with Mr. Dahms' alleged failure to interview witnesses, discuss the case with appellant concerning possible defenses and the strength and weaknesses of the case and the possibility of a guilty plea. These claims hinged on the credibility of Mr. Dahms' testimony that he did, in fact, investigate the case and had discussed the case with appellant. The motion judge specifically stated that, "I believe the testimony of Mr. Dahms," and his statement resolves these points.

■ Point 8(b) of the amended motion challenged the admissibility of certain photographs at trial. This claim is clearly not

cognizable in a Rule 27.26 motion. On direct appeal, the photographs were found to be admissible. *See State v. Canterbury, supra,* 708 S.W.2d at 663. An issue which has been decided on direct appeal simply cannot be relitigated in a motion for post-conviction relief even under a different theory. *Rainwater v. State,* 770 S.W.2d 368, 370 (Mo.App.1989).

■ Point 8(c) of the amended motion attacked the constitutionality of Missouri's capital murder statute under which appellant had been tried and convicted. Again, this is not a cognizable 27.26 claim. Trial errors which affect constitutional rights may only be litigated in a Rule 27.26 motion only in rare circumstances and only if presented at the earliest possible time. *Rainwater v. State, supra,* 770 S.W.2d at 370.

The appellant also contends that the motion court ignored issues advanced in his *pro se* motion. Ground 8(a) of the *pro se* motion was replicated in the amended motion. This point dealt with the failure of trial counsel to object to the chain of custody of certain evidence and this point was specifically covered by the motion judge. Furthermore, ground 8(c) of the *pro se* motion, dealing with an alleged failure to investigate or discuss the case with appellant, was covered by grounds 8(a)(4) through 8(a)(7) of the amended motion and these issues were refuted by the hearing court's accepting Mr. Dahms' testimony as credible.

■ The only ground in the *pro se* motion not addressed by the motion court, 8(b), was that trial counsel failed to object to testimony given by Detective Clarence Fueston on cross-examination summarizing a statement made by Thomas Atkins, appellant's accomplice. This issue involved a failure to object, a trial error not cognizable in a Rule 27.26 motion. *See Camillo v. State,* 757 S.W.2d 234, 239 (Mo.App.1988). Furthermore, no evidence was presented on this issue in the Rule 27.26 hearing, thus no error resulted in the motion court's failure to make findings of fact and conclusions of law on the issue. *Paynes v. State,* 752 S.W.2d 331, 333 (Mo.App.1988). Appellant's Point I is denied.

■ For his second point, appellant alleges that the trial court erred in denying his 27.26 motion as trial counsel failed to present evidence of a witness who would have given testimony of his intoxicated condition and thus provide a defense for him.

According to appellant's testimony at the Rule 27.26 hearing, his sister, Cherry Canterbury, could have testified as to his physical condition before the crime as being, "intoxicated and highly drugged." In order to show that defense counsel was ineffective in failing to call a witness, appellant must prove that the witness could have been located through reasonable investigation, that the witness would have testified if called and that the testimony of said witness would have presented a viable defense. *Kennedy v. State, supra,* 771 S.W.2d at 857–58. "Mere speculation" as to what the witness would have testified to is insufficient. *Id.* Cherry Canterbury did not appear at the Rule 27.26 hearing and thus there is no way to ascertain what her testimony may or may not have been. Appellant's Point II is denied. The judgment of the motion court is affirmed.

All concur.