Nicholas R. TETTAMBLE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16772.

Missouri Court of Appeals, Southern District, Division One.

Oct. 30, 1990.

J. Bryan Allee, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant, Nicholas R. Tettamble, guilty of burglary in the first degree. § 569.160. On June 19, 1987, he was sentenced, as a persistent offender, § 558.016, to imprisonment for 30 years. His conviction and sentence were affirmed on direct appeal. *State v. Tettamble*, 746 S.W.2d 433 (Mo.App.1988). On June 20, 1988, movant filed his pro se motion attacking his conviction and sentence under Rule 29.15. Movant's appointed counsel filed an amended motion for relief under Rule 29.-15. An evidentiary hearing was held. The motion court denied relief. The movant on appeal states one point of substantive error and one point of procedural error.

■ By a liberal construction, in his pro se motion and amended motion movant alleged 15 grounds for relief. By his brief, the movant assigns error on the basis of only one of those grounds.

"The scope of the motion court's duty on remand is limited to a resolution of the questions posed in the preceding paragraph. While appellant's first amended motion pled sundry other grounds for relief, no error is assigned in this appeal regarding the motion court's rejection of them, hence they are deemed abandoned. *Herron v. State*, 498 S.W.2d 530, 531[1] (Mo.1973); *Brown v. State*, 492 S.W.2d 762, 762–63[1] (Mo.1973)." *Spencer v. State*, 776 S.W.2d 428, 437 (Mo.App.1989).

The movant has abandoned other alleged grounds for relief and they will not be considered. The ground not abandoned is that counsel was ineffective in that he failed to present the testimony of two alibi witnesses and to secure a continuance. The movant was the sole witness at the evidentiary hearing upon his 29.15 motion. The following is a summary of the movant's testimony relevant to that ground.

■ One Sherry Fuller would have testified that on the day of the burglary in Iron County the movant boarded a bus at 6:00 a.m. in St. Louis bound for Kansas City. One Ronnie Jett would have testified he met the bus in Kansas City and took the movant to a home in Platte City. Jett, the movant and other friends had a party. Movant was there until the next day. Movant met Jett in the penitentiary. Movant, well in advance of trial, told his trial counsel of these witnesses. Trial counsel did not interview or contact either of the potential alibi witnesses.

Movant further testified that at the time of trial Jett was in custody of the Department of Corrections in the Jackson County jail in Kansas City. This was known to trial counsel. Five days before trial, trial counsel caused a writ of habeas corpus ad testificandum to be issued for the appearance of Jett. However, the Sheriff of Jackson County had not received the writ by the day of trial and Jett was not available as a witness. Trial counsel did not learn of this until after he announced "ready". His oral motion for a continuance was denied.

See *State v. Tettamble,* supra. There was no further explanation concerning the potential of Sherry Fuller as a witness.

As stated, following the evidentiary hearing, the motion court denied relief. In doing so, it entered general findings of fact and conclusions of law. The relevant findings of fact were that "trial counsel, Sidney T. Pearson, III was not, in any manner, ineffective during the time he represented the defendant" and trial counsel "exercised customary skill and diligence and there was no prejudice to defendant as a result of his representation." The conclusions of law restated the burden of proof and the rule that trial errors are not cognizable in a postconviction proceeding.

Rule 29.15(i) provides:

"The court *shall issue findings of fact and conclusions of law on all issues presented,* whether or not a hearing is held, within 30 days of the submission of the case. If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence him or order a new trial or correct the judgment and sentence as appropriate." (Emphasis added.)

See *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978).

The requirements of that rule have not been literally and strictly applied. See *Casey v. State,* 769 S.W.2d 829 (Mo.App.1989); *Williams v. State,* 744 S.W.2d 814 (Mo. App.1987). It has been held "[t]he findings need not itemize each matter pleaded, however, as long as they are sufficient to allow appellate review." *Shaw v. State,* 770 S.W.2d 349, 351 (Mo.App.1989). Also see *State v. Taylor,* 779 S.W.2d 636 (Mo.App. 1989).

However, the requirement "[t]he court shall make findings of fact and conclusions of law on all issues presented," Rule 29.-15(i), is not wholly without meaning. By his pleadings and testimony, movant presented an issue concerning trial counsel's failure to interview and obtain the presence of alibi witnesses Jett and Fuller and to properly seek a continuance when Jett was not available. There are a number of reasons the motion court could have found against the movant. But, the findings of fact and conclusions of law do not provide a basis for this court to adequately review the motion court's decision on those issues. The judgment of the motion court is reversed and the cause is remanded for specific findings of fact and conclusions of law responsive to those issues and the entry of a judgment thereon. See *Allen v. State,* 635 S.W.2d 91 (Mo.App.1982).

PREWITT and CROW, JJ., concur.