Nicholas TETTAMBLE (II),
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17337.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 8, 1991.

J. Bryan Allee, Asst. Appellate Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant was found guilty of burglary in the first degree and sentenced as a persistent offender to 30 years' imprisonment. That conviction and sentence was affirmed. *State v. Tettamble,* 746 S.W.2d 433 (Mo. App.1988).

Thereafter, movant filed a motion for postconviction relief under Rule 29.15. After his appointed counsel filed an amended motion an evidentiary hearing was held. The motion court denied relief. On the initial appeal from that denial this court reversed the judgment and remanded for specific findings of facts and conclusions of law responsive to the issues. *Tettamble v. State,* 798 S.W.2d 489 (Mo.App.1990).

Upon remand the trial court made findings of fact, conclusions of law and denied said motion. Movant again appeals. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Movant had the burden of proving his contentions by a preponderance of the evidence. Rule 29.15(h).

■ In his first point movant contends the trial court erred in denying his motion because his counsel in the criminal trial was ineffective in not securing the testimony of two witnesses. Movant says counsel erred in not using reasonable efforts to secure a continuance due to the absence of Ronnie Jett, and in failing to investigate and call Sherry Fuller as a witness.

In order to show that counsel was ineffective in not having a witness testify, movant must show the witness could have been located through reasonable investigation, the witness would have testified if called, and testimony of the witness would have presented a viable defense. *Harry v. State*, 800 S.W.2d 111, 115 (Mo.App.1990); *Canterbury v. State*, 781 S.W.2d 107, 110 (Mo.App.1989).

At the evidentiary hearing on the Rule 29.15 motion only movant testified. Movant's speculation as to the testimony of the witnesses does not demonstrate that he was prejudiced because it did not establish there may have been a different outcome at trial. *Sanders v. State*, 738 S.W.2d 856, 860–861 (Mo. banc 1987); *Harry*, 800 S.W.2d at 115–116; *Canterbury*, 781 S.W.2d at 110. Hence, the movant did not meet his burden of proof. Point one is denied.

After this court had remanded for additional findings and conclusions movant sought to reopen the evidence to present the testimony of Ronnie Jett and Sherry Fuller. Movant asserts in his second point that the trial court erred in not allowing him to present their testimony.

Movant had an opportunity to present that testimony previously. Assuming that upon the remand the trial court could have heard additional evidence, whether to reopen for further evidence is within the discretion of the trial judge. *In Interest of S___ G.*, 779 S.W.2d 45, 54 (Mo.App.1989); *State v. White*, 549 S.W.2d 914, 919 (Mo. App.1977). There was no abuse of discretion here. Point two is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.