Stephen L. BUROUGH, Appellant,

v.

STATE of Missouri, Respondent.

No. 19100.

Missouri Court of Appeals,
Southern District,
Division Two.

June 14, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Pursuant to a plea agreement, Movant, Stephen L. Burough, pled guilty to two counts of robbery in the first degree, § 569.-020, RSMo 1986, and was sentenced to two concurrent 15–year prison terms. He thereafter filed a timely pro se motion per Rule 24.035, Missouri Rules of Criminal Procedure (1993), to vacate the judgment and sentences.

The motion court appointed counsel. After consulting Movant, counsel filed a notice that Movant would stand on the pro se motion.

The motion court denied Movant's request for an evidentiary hearing, entered findings of fact and conclusions of law, and denied relief. This appeal followed.

Movant's sole point relied on avers the motion court's findings of fact and conclusions of law are insufficient in that the motion court "made no finding of fact regarding [Movant's] allegation that the information did not allege sufficient facts for [Movant] to prepare a defense." Consequently, argues Movant, he is deprived of "the opportunity for meaningful appellate review." Movant asks us to remand this action to the motion court with instructions to enter findings of fact and conclusions of law regarding the claim identified in the first sentence of this paragraph.

Movant's pro se motion comprises eleven pages, excluding the forma pauperis affidavit. The grounds for relief are interwoven with abstract statements of law, conclusional allegations, a multitude of case citations, quotations from appellate court opinions, and references to constitutional provisions, statutes and court rules. None of the paragraphs are numbered and no ground for relief is identified by number or letter.

The motion court's findings of fact and conclusions of law manifest a diligent effort to ferret out each ground for relief susceptible of recognition. The motion court identified and addressed complaints by Movant about (1) allegedly erroneous advice by defense counsel, (2) alleged failure by the plea court to elicit facts sufficient to provide a factual basis for the guilty pleas, (3) defense counsel's alleged ineffective assistance in failing to file a motion to withdraw Movant's guilty pleas, (4) Movant's alleged inability to understand the elements of the crimes, and (5) the plea court's alleged prejudice against Movant.

As we understand the statement of facts in Movant's brief, the ground for relief on which the motion court allegedly neglected to make findings appears on page "G" of Movant's motion.[1] Among the allegations on that page, we find this:

"Movant is being unlawfully and illegally restrained of his liberty, in that, the Information upon which the conviction is based is insufficient to state a cause of action and fails to allege sufficient facts to have permitted the Movant to prepare an adequate defense and plead former jeopardy in the event of an acquittal, and to support a conviction."

The above passage appears to attack the information on two grounds: (a) each count fails to charge the crime of robbery in the first degree, and (b) each count fails to allege sufficient facts to permit Movant to prepare an adequate defense. As we comprehend Movant's point relied on, he complains only that the motion court failed to make findings on attack "(b)."

Movant cites one case in support of his claim of error: *Gill v. State,* 712 S.W.2d 732 (Mo.App. W.D. 1986). There, a prisoner's motion for postconviction relief set forth eleven "grounds." The motion court declared verbally that based on the transcript and the motion, nothing would be gained by an evidentiary hearing, and the prisoner was

---

1. Page "G" of Movant's motion appears at page 41 of the legal file. The argument portion of Movant's brief directs us to page 36 of the legal file. At page 36 we find page "A" of Movant's motion. We have studied page "A" and are unable to find any attack on the information. Page "A" complains about Movant's defense counsel.

not entitled to relief by any factual allegations "that were not covered completely and which were not available through a direct appeal." *Id.* at 733.

The Western District of this Court held that a mere recital or statement that the motion, files and record conclusively refute a prisoner's claim for relief will not suffice nor will findings and conclusions be supplied by implication from the motion court's ruling. *Id.* at 733[3]. The Western District reversed the motion court's judgment and remanded for entry of findings of fact and conclusions of law on all issues presented by the prisoner's motion. *Id.* at 734.

The motion court's detailed findings of fact and conclusions of law in the instant case stand in stark contrast to the motion court's conclusional comments in *Gill.* Here, in addressing Movant's allegation that he did not understand the elements of the crimes with which he was charged, the motion court made this finding:

> "The Court finds that [the plea court] read the felony information, and questioned Movant about whether he understood the charges against him. [The plea court] also asked Movant if he had any questions about the charges against him. Movant, under oath, answered that he did understand the charges against him, and that he had no questions.... The Court also finds, after reviewing the transcript of Movant's guilty plea, that Movant appeared to clearly understand the charges against him. The Court finds that Movant is not entitled to an evidentiary hearing on this issue."

Citing *Payne v. State,* 864 S.W.2d 17, 18[1] (Mo.App. E.D.1993), the State points out that a motion court's findings of fact and conclusions of law are sufficient if they enable the reviewing court to determine whether the findings, conclusions and judgment of the motion court are clearly erroneous. The State maintains the motion court's findings here are sufficient for that purpose.

The transcript of the proceeding at which Movant pled guilty, referred to by the motion court in its findings *supra,* shows that Movant narrated to the plea court a detailed account of the two robberies and his partic-

ipation in them. Movant named the locations where the robberies occurred, described his actions and the actions of his co-participant, and identified the weapon used as an AK–47.

Each count of the information set forth the date of the robbery, the venue, the name of the victim, the property stolen (United States currency), the name of Movant's co-participant, and the use of the weapon. Asked by the plea court whether he had any questions about what he was charged with in either count, Movant replied, "No, Your Honor."

The record convincingly demonstrates Movant fully understood the details of what he was accused of doing. Movant's motion supplies no hint as to what additional facts the information should have provided to enable him to prepare a defense, and yields no clue as to how he was prejudiced by the absence of such facts.

In *State v. Parkhurst,* 845 S.W.2d 31, 35[9] (Mo. banc 1992), the Supreme Court of Missouri held an accused is not entitled to relief based on a post-verdict claim that the information is insufficient unless he demonstrates actual prejudice. It follows that Movant, having pled no facts demonstrating prejudice, is entitled to no postconviction relief.

Although the motion court did not specifically determine whether the information alleged sufficient facts to permit Movant to prepare a defense, the motion court did find Movant clearly understood the charges against him. That finding, coupled with the factors discussed in the two preceding paragraphs, is sufficient for us to determine that the motion court's denial of relief was not clearly erroneous. Consequently, it is unnecessary to remand for additional findings. *Robinson v. State,* 785 S.W.2d 323, 324[4] (Mo.App. E.D. 1990); *Abbott v. State,* 769 S.W.2d 462, 466 (Mo.App. S.D. 1989).

The judgment of the motion court is affirmed.

PREWITT and GARRISON, JJ., concur.