John Edward GEORGE,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 21863.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 1998.

Jianbin (Jim) Wei, Springfield, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PREWITT, Judge.

Following jury trial, Movant was convicted of one count of rape and five counts of sodomy. Following judgment entered in accordance with the verdict and sentencing, he appealed. Movant also filed a Rule 29.15 motion, seeking to vacate the judgment and sentences. Initially, that motion was denied without an evidentiary hearing. Movant appealed from that denial, and the appeals were consolidated. Movant's direct appeal from the criminal convictions was affirmed but the denial of his Rule 29.15 motion was reversed and the cause "remanded for an evidentiary hearing only on the issue of trial counsel's ineffectiveness in failing to call Joyce Turner, the mother of the victims ... to testify." *State v. George*, 921 S.W.2d 638, 649 (Mo.App.1996).

Following remand, an evidentiary hearing was held and the trial court thereafter made findings of fact and conclusions of law and entered judgment denying the motion. Movant appeals, presenting three points relied on.

■■■■ Review of a ruling on a Rule 29.15 motion is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Those determinations are clearly erroneous only if the appellate court has a firm and definite impression that a mistake has been made. *State v. Martin*, 882 S.W.2d 768, 770 (Mo.App.1994). Movant has the burden to prove grounds for relief by a preponderance of the evidence. *State v. Stepter*, 794 S.W.2d 649, 657 (Mo.banc 1990).

■■■■ To receive relief for an attorney's failure to call a witness, Movant must show that had the witness testified the outcome may have been different. *Tettamble v. State*, 818 S.W.2d 331, 332 (Mo.App.1991). The presentation of witnesses by an attorney is considered a matter of trial strategy. *State v. Boyd*, 913 S.W.2d 838, 845 (Mo.App.1995).

The attorney has wide latitude in defending a client in matters regarding trial strategy. *Id.* Movant must show that his attorney's failure to call witnesses was something other than trial strategy. *Id. See also State v. Stephan*, 941 S.W.2d 669, 678 (Mo.App.1997) (failing "to call a witness, if that witness would not unqualifiedly support the defense is ... trial strategy and not ... ineffective" assistance.)

■■■■ Failing to call Joyce Turner as a witness could hardly be said to be poor strategy. She had admitted the allegations and entered pleas of guilty to related charges of allowing Movant to have deviant sexual intercourse with her daughters. At her plea hearing, when asked if anyone had harassed her, abused her, or threatened her while she was in jail, she stated that Movant had, and that he was in the same jail. As this occurred approximately eleven months prior to Movant's criminal trial, this information would have been available to the prosecuting attorney, and undoubtedly would have been used in cross-examination of her, should she have appeared as a witness for Movant.

In Movant's first two points, he contends that admitting the guilty plea transcript of Joyce Turner violated his right to confront witnesses and deprived him of a fair trial and due process. His counsel at the motion hearing, not his counsel on appeal, did not object to the transcript and it clearly would have been relevant to show what could have been used in cross-examination of Joyce Turner, should Movant have called her as a witness.

Movant's Point II also claims that his right to confront witnesses was denied because the trial court did not grant a continuance before the evidentiary hearing on his motion. His reference to the direct confrontation clause in Points I and II has no merit, as the confrontation clause does not apply to a post-conviction relief hearing. *Leisure v. State*, 828 S.W.2d 872, 878 (Mo.banc), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). Points I and II are denied.

In Movant's remaining point, he contends that the trial court erred regarding certain letters from Joyce Turner that he offered in

evidence, as "said exhibits would show Plaintiff's trial counsel did not contact Joyce Turner as a witness when Joyce Turner believed that the charges against Plaintiff were false." In view of Joyce Turner's sworn statements when she entered the plea referred to above, whether or not the letters contained accurate information could not change the result here.

Had trial counsel called Joyce Turner as a witness the prosecuting attorney undoubtedly would have brought out not only that she had sworn that Movant did, in fact, commit at least some of the charges, and that Movant had influenced her to write a letter to a judge indicating that the charges against Movant were false when the letter did not tell the truth. Under these circumstances, Movant has not met his burden to establish that failure to call the witness was ineffective assistance of counsel. Nor has he shown that calling her would have influenced the outcome in his favor.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.