**Jess RUSH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22809.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 28, 2000.

Motion for Rehearing or Transfer Denied March 21, 2000.

Lisa M. Stroup, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Jess Rush ("Movant") was charged by felony information with murder in the first degree, Section 565.020.1,[1] and kidnapping, Section 565.110. A jury found Movant

---

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1999), unless otherwise indicated.

guilty on both counts, and he was sentenced to life without the possibility of parole for the offense of murder in the first degree, and fifteen years in prison for the offense of kidnapping. Both convictions were affirmed on appeal. *State v. Rush*, 949 S.W.2d 251 (Mo.App. S.D.1997). Movant, thereafter, pursuant to Rule 29.15 filed a motion for post-conviction relief, which was later amended. Following an evidentiary hearing, the motion court denied relief. Movant appeals.

Movant raises two points of error on appeal. In his first point, he alleges that trial counsel was ineffective in failing to investigate and introduce at trial evidence surrounding the dismissal of a pending felony charge against State's witness, Edward Thomas ("Thomas"), for failure to return rental property. In his second point, Movant asserts that trial counsel was ineffective in failing to investigate Thomas' criminal convictions and use such convictions to impeach his testimony.

 Our review of the motion court's denial of post-conviction relief is not a de novo review; rather, the findings of the motion court are presumptively correct. *See Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State*, 973 S.W.2d 114, 115 (Mo.App. S.D.1998).

 To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley*, 953 S.W.2d 73, 91 (Mo.App. S.D.1997), *cert. denied*, 522 U.S. 1151, 118 S.Ct. 1173, 140 L.Ed.2d 182 (1998). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

 Trial counsel is afforded wide latitude in preparing for and conducting a defense. *State v. Neal*, 849 S.W.2d 250, 258 (Mo.App. W.D.1993). In order to show ineffective assistance of counsel based on the failure to adequately prepare for trial, a movant must allege that trial counsel failed to discover specific information before trial; that the information would have been discovered by reasonable investigation; and that the undiscovered information would have provided movant with a viable defense. *State v. Colbert*, 949 S.W.2d 932, 943 (Mo.App. W.D.1997).

 In the instant case, Movant first alleges that trial counsel was ineffective in failing to investigate and introduce evidence at trial concerning the circumstances surrounding the dismissal of a pending felony charge for failure to return rental property.[2] Movant contends that the charge against Thomas was dismissed in order to allow him to assist law enforcement personnel in procuring incriminating

---

2. Movant admits that trial counsel cross-examined Thomas about the dismissed charge, asking him whether or not he had been promised anything in return for his testimony. However, Movant contends that trial counsel should have investigated and introduced further evidence of the facts surrounding the dismissal of the pending charge. These facts included evidence that Thomas feared he would not receive parole as long as the charge of failing to return rental property was pending and that Thomas had written several letters to a deputy sheriff requesting that the

evidence from Movant concerning the murder and kidnapping. Movant argues that he was prejudiced in that, as a result of trial counsel's lack of investigation, the jury was not informed that Thomas "had a reason to fabricate his testimony in order to avoid a conviction and/or incarceration on the charge of failing to return rental property."

As to this point, the motion court concluded, after an evidentiary hearing, that trial counsel was not ineffective in failing to introduce into evidence the circumstances surrounding the dismissal of the charge against Thomas for failure to return rental property. It further found that the evidence indicated that the dismissal of Thomas' charge was not related to any deal between the State and Thomas.[3]

■ The motion court's finding is not clearly erroneous. Movant has failed to demonstrate how he was prejudiced by trial counsel's failure to introduce evidence of the circumstances surrounding the dismissed charge. Movant contends that such evidence would have provided additional material for impeachment, but does not allege that further investigation and questioning by counsel would have provided him with a viable defense. "It is not enough that some misstep of counsel had some conceivable effect on the outcome of the case. The particular failure must be so significant as to demonstrate a reasonable probability that but for counsel's unprofessional errors, the result would have been different." *State v. Gray*, 887 S.W.2d 369, 381 (Mo. banc 1994), *cert. denied*, 514 U.S. 1042, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995).

In this case, the evidence showed that Movant revealed to several other witnesses, including a former neighbor, a former girlfriend, and at least two fellow inmates, that he was involved in the murder and kidnapping. Movant also admitted to the police that he was present during the commission of the crime. The jury also had before it thirteen letters, handwritten to Thomas, in which Movant told of his involvement in the crime. Consequently, had counsel been successful in impeaching the testimony of Thomas, there is no indication that the result would have been different and Movant fails to allege otherwise. This point is therefore denied.

■ In his second point, Movant contends that trial counsel was ineffective in failing to thoroughly investigate Thomas' prior criminal convictions. Movant alleges that during the State's direct examination Thomas was not "entirely candid about his criminal record," and therefore trial counsel, during cross-examination, should have explored Thomas' history of criminal convictions in order to impeach his credibility. Movant contends that he was prejudiced as a result of trial counsel's actions in that "the jury did not realize the extent of [Thomas'] criminal history, and so did not realize they did not have to believe [Thomas'] testimony."

■ The motion court denied this point finding that Movant "had failed to prove any prejudice to the Movant or that the results of the trial would have been any different." The motion court's finding is not clearly erroneous. A trial counsel's mere failure to impeach a witness does not entitle a movant to post-conviction relief. *State v. Phillips*, 940 S.W.2d 512, 524 (Mo. banc 1997). Movant has the burden to show how impeachment would have provided him with a defense or changed the outcome of the trial. *Id.*

Here, Movant fails to prove that trial counsel deprived him of a viable defense. During direct examination, Thomas acknowledged that he had convictions for

detainer placed against him because of the pending charge be dropped.

**3.** In reference to a deal between the State and Thomas, the motion court remarked: "[a]s to [Thomas'] testimony, the Movant asks this Court to find that Thomas, the Prosecuting Attorney and the [Law Enforcement] Officers were lying when they stated there was no agreement with Thomas to obtain this information from [Movant]. The Court denies the point."

crimes such as burglary, receiving stolen property and bad checks. He also revealed that he had been in and out of prison for sixteen years, since he was twenty years old, and was known as the "old dog" because of the amount of time he had been incarcerated. The jury was also aware that Movant and Thomas first became acquainted while both were incarcerated. Although the jury was not fully informed as to the extent of Thomas' convictions,[4] they were aware that he was a convicted felon, and Movant does not show how cross-examining Thomas further about his criminal history would have provided him with a viable defense. Movant's second point is therefore denied.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.

4. At the time Thomas testified at Movant's trial, he had been convicted of two counts of burglary in the second degree, two counts of burglary in the first degree, two counts of escape, one count of uttering, one count of forgery, two counts of stealing over $150.00, and one count of negotiating a bad check.